## KIRKSEY *vs.* HARDAWAY.

[MOTION BY SHERIFF FOR INSTRUCTIONS AS TO APPLICATION OF MONEY UNDER
EXECUTIONS.]

1. *Agreed case.*—When a cause is submitted to the decision of the court
on an agreed statement of facts, the court is not authorized to presume
the existence of any other facts than those agreed on; nor will the ap-
pellate court indulge such presumption, even for the purpose of sustain-
ing the judgment.

2. *Lien of judgments.*—In a contest among several judgment creditors,
respecting the application of money on their several executions, the
case being tried on an agreed statement of facts, and it not being shown
whether the defendant in execution acquired the property before the
rendition of the judgments, the issue of the executions, or the repeal of
the acts of 1861 and 1863, the court can not allow a superior lien to the
senior judgments.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. JAMES COBBS.

THE bill of exceptions in this case is as follows:

" In this case, the sheriff of said county, having levied cer-
tain executions, hereinafter specified, upon the property of
one Frederick L. Chiles, the defendant in said executions,
and sold the same for the sum of twenty-nine hundred and
ninety-three 87-100 dollars, brought the said money into
court, and moved the court to apply the same according to
law. The following are the facts of the case, as agreed
upon by the parties and their attorneys: J..B. Clark recov-
ered a judgment against said F. L. Chiles, April 15th, 1863,
for $991.61, and costs; the Eutaw Insurance Co., a judgment,
15th April, 1863, for $2,315, and costs; J. A. Winston & Co.,
a judgment, 21st October, 1863, for $4,000, and costs; F.
M. Kirksey, a judgment for $2,725.38, and costs, October
19th, 1863; all of which appeared of record in said court.
It further appeared in evidence, that the following execu-
tions issued on said judgments, briefly described by dates,
&c., as follows: Executions in favor of James B. Clark—

Kirksey v. Hardaway.

1st, dated June 1st, 1863, for interest and costs, which was returned 'satisfied,' September 23d, 1863; 2d, dated January 15th, 1866, for $912.45, and costs, received in office January 16th, 1866, levied April 4th, 1866, and not sold for want of time; 3d, dated May 14th, 1866, received in office 19th May, 1866, under which, with other executions, the property was sold by the sheriff. Executions in favor of Eutaw Insurance Company—1st, execution dated June 1st, 1863, but ordered not to be delivered to sheriff; 2d, dated January 13th, 1866, received in office 15th January, 1866, levied April 4th, 1866, and not sold for want of time; 3d, execution dated May 14th, 1866, under which, with others, the property was sold by the sheriff. Executions in favor of John A. Winston & Co.—1st, execution dated January 23d, 1866, received January 27th, 1866, levied April 4th, 1866, and not sold for want of time; 2d, execution issued May 14th, 1866, received May 19th, 1866, under which, with other executions, the property was sold by the sheriff. Executions in favor of F. M. Kirksey—1st, execution dated 27th October, 1863, for interest and cost, endorsed as follows: 'Receive in payment for principal, interest, and costs, Confederate or State treasury-notes, at par value'; which was issued and delivered to the sheriff, who kept it in hand, but made no return on it; 2d, execution issued December 12th, 1865, received in office December 14th, 1865, levied April 4th, 1866, and not sold for want of time; 3d, execution issued May 9th, 1866, received in office May 19th, 1866, under which, with others, the property was sold. The court thereupon decided, that the money in the sheriff's hands, arising from the sale of F. L. Chiles' property, should be applied to the satisfaction of the executions in favor of James B. Clark and others, on judgments of April term, 1863, holding that the oldest judgments were entitled to the money; to which the said Kirksey excepted," &c.

The ruling of the court is now assigned as error.

W. P. WEBB, for the appellant.

JAS. B. CLARK, and E. MORGAN, *contra.*

BYRD, J.—The bill of exceptions shows that the case

was tried on an agreed statement of facts, which are set out; which statement is silent as to the time when the defendant in execution acquired or owned the property levied upon and sold, except so far as the levy is evidence of the same. We can not, nor could the court below, under the rules of law, presume that the defendant acquired the property before the executions were issued, or the judgments were rendered, or the acts of 1861 and 1863 were repealed; and therefore the court below had no authority in law for holding that the senior judgments had any lien superior to the junior ones.

If the property sold was acquired after the repeal of the acts of 1861 and 1863, then the judgments were no lien on the property; and upon the record we are not authorized to presume that the property levied upon was acquired previous to the repeal of those acts. What is the result flowing from such a state of facts and presumptions, we will not intimate, as, on another trial, a very different state of facts may be presented for adjudication.

The court below erred in the judgment rendered, and it must be reversed and remanded.