## Mobley & Wife *v.* Leophart *et al.*

### Bill in Equity for Foreclosure of Mortgage.

1. *Publication against non-resident defendant.* — In making publication against a non-resident defendant, it is discretionary with the register or the chancellor to designate the place where the order shall be published; and it is no objection to an order of publication, made by the register in chancery of Russell county, Alabama, that it is required to be published in Columbus, Georgia.

2. *Same; waiver of irregularity.* — A defendant who cross-examined witnesses, and submitted the cause for final decree on pleadings and proof, without raising any objection to the regularity of an order of publication and decree *pro confesso* against another defendant, who was a non-resident, cannot question their regularity on error.

3. *Exhibits to interrogatories.* — When notes, or other writings, are to be proved by two or more witnesses, they may be attached to one set of interrogatories, and referred to by appropriate description in the others; and if so referred to, and properly identified by the witness, and certified by the commissioner, this is sufficient.

4. *Lien of judgment and execution.* — A judgment is not a lien on the defendant's lands (Rev. Code, § 2872), until an execution has been issued on it, and placed in the hands of the proper officer to be executed; and this lien only continues so long as executions are regularly kept up, without the lapse of an entire term.

APPEAL from the Chancery Court of Russell.
Heard before the Hon. B. B. McCRAW.
This case was decided at the June term, 1872. Nothing

[Mobley *v.* Leophart.]

but the opinion of the court has come to the hands of the reporter. There seems to be a mistake in the statement of facts contained in the opinion, as to a severance having been allowed as to *Allen and Johnson.* There is an entry on the court docket, in the handwriting of PECK, C. J., which states that a severance is allowed as to Earle, and that " Allen and Johnson *appear and join in the assignment of errors;* " and the entry on the minutes is to the same effect.

GEO. D. & GEO. W. HOOPER, for appellants.

PETERS, J. — The bill in this case was filed by Leophart and others, the appellees in this court, to foreclose a mortgage on certain real and personal property, executed to them by one Earle to secure certain debts therein named, and to set aside, or suspend, the lien of a certain judgment, rendered by the probate court of Barbour county, in favor of James B. Mobley and his wife, for her use, against said Earle as her guardian; upon the ground that the said judgment was a lien on the property conveyed by the mortgage, and had been procured, in fraud of the complainants' rights, for $12,054.61, when, in truth and in fact, there was nothing due from said Earle to his said ward, who was his daughter. The judgment or decree in favor of Mobley and his wife, against said Earle as her guardian, was rendered on the 14th day of December, 1868; and the mortgage to the complainants was executed and recorded, or properly filed for record, on the 20th day of January, 1869. It does not appear that any execution was ever issued on said decree, or had been received by the sheriff of said county, and properly kept up, as required by law, when said mortgage was executed and recorded. The bill seems to have been filed on the 1st day of May, 1869. All of the mortgagees join as complainants, except A. M. Allen & Co., of Columbus, Georgia, a firm composed of Augustus M. Allen and Asbury Johnson, who are made defendants. Allen & Co. and Earle are shown to be non-residents, and are brought in by publication and decrees *pro confesso.* Mobley and wife were served with process, and filed answers to the bill, but not under oath, the same being waived by the complainants. In their answer, they denied all the material allegations of the bill, and demurred for want of equity, and for several other reasons; but no notice seems to have been taken of the demurrer in the decree of the chancellor, and it is not noticed in the assignment of errors in this court. The chancellor rendered a decree in favor of the complainants below, and Mobley and wife bring the case here by appeal. In this court, a summons and severance has been

[Mobley v. Leophart.]

allowed as to Earle, Allen, and Johnson; and only Mobley and wife join in the assignment of errors.

The action of the court below upon the demurrer of Mobley and wife, if any action was taken, will be regarded here as abandoned, as no error has been assigned upon it. The assignments of error which assail the regularity of the decrees *pro confesso* against Earle and Allen & Johnson, cannot be sustained. The record shows that all the proper steps were taken to authorize these decrees. Affidavit of the ages and non-residence of these defendants was properly made, and an order for their appearance was duly made by the register, and published in a newspaper, as ordered by him, which was published in the city of Columbus, Georgia, in strict conformity with law and the rules of chancery practice. The objection to the decrees seems to be, that the order was published in a newspaper in the city of Columbus, in the State of Georgia. This objection cannot avail. The place of publication of the order is a matter of discretion with the register, or with the chancellor; and if the order is published " in such newspaper as may be designated in the order," this is enough. This court will, in such a case, presume that the officer has rightly exercised his discretion. Rev. Code, § 3339; Rule Ch. Pr. No. 22. Besides, such decrees are merely interlocutory, and may be set aside, or amended in the court below, when they have been irregularly taken. It is within the power of the chancellor to correct all orders or decrees taken before the register, so as to make them conform to law and justice. Rev. Code, § 636; Rule Ch. Pr. No. 2. The cause is not at issue, until all the defendants have been served with subpœna, or have answered, or have been brought in by publication and decrees *pro confesso*. Rev. Code, p. 829; Rule Ch. Pr. No. 48. Parties who proceed to cross-examine witnesses, and submit the cause for final decree, cannot be permitted to raise such an objection for the first time in this court, when the defendants, against whom the alleged irregular decrees *pro confesso* have been taken, do not appear and assign errors in this court.

There was nothing improper in the interrogatories to the witnesses Leophart. It was not necessary that the notes, sought to be proven by them, should accompany each set of interrogatories. This was impossible. If the defendants, Mobley and wife, desired copies of the notes for inspection, they could have been procured from the register. Rev. Code, § 3331. The interrogatories in both cases seem to be proper. The witness, Michael Leophart, in his answers, refers to the notes as " attached to the direct interrogatories in the case; " and in the deposition of John S. Leophart, the commissioner attaches the notes, and returns them with the deposition, and certifies them

as "proved" by John S. Leophart. There was no irregularity in this, of which the appellants are entitled to complain.

There was no evidence taken by the defendants, which was submitted on the final hearing, so far as I can discover from the note of the testimony; while the evidence for the complainants is full and ample, and very well sustains the decree of the learned chancellor. When this is the case, the decree will not be disturbed. But, beyond this, Mobley and wife do not show that they are injured by the decree. Their judgment, even if it had not been fraudulent and void as to the complainants, was entitled to no lien, which could postpone the complainants' right of foreclosure under their mortgage. The lien for the payment of the judgment springs out of the *fieri facias*, which must be issued, and placed in the hands of the sheriff, or other proper officer, whose duty it is to execute it, within the proper time; and this lien only continues, so long as the writ is regularly issued, and delivered to the sheriff, without the lapse of an entire term. Rev. Code, § 2872; *Curry* v. *Landers*, 35 Ala. 280; *Kirksey* v. *Hardaway*, 41 Ala. 338. The lien of the judgment does not seem to have been kept alive in this case. It could not, then, postpone the lien of the mortgage.

The decree of the chancellor is affirmed. The appellants will pay the costs of the appeal, both in this court, and in the court below.