48 So.2d 58

## JORDAN v. RICE–STIX DRY GOODS CO.
### 7 Div. 102.

Court of Appeals of Alabama.
June 6, 1950.

Rehearing Denied Oct. 3, 1950.

See also, 33 Ala.App. 190, 31 So.2d 372.

Keener & Keener, of Centre, for appellant.

L. B. Rainey, of Gadsden, for appellee.

CARR, Judge.

The plaintiff below brought suit in common count for goods, wares and merchandise sold and delivered to the defendant.

The trial was by the court without a jury, and judgment was rendered in favor of the plaintiff.

The appellant claimed that he did not receive the goods. On this question a disputed factual issue is presented by the evidence.

Counsel in brief fails to sufficiently argue several of the assignments of error. We will not respond to these. Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Howell v. Moon, 217 Ala. 421, 116 So. 518; Etheredge v. Tenn. Valley Bank, 20 Ala.App. 573, 104 So. 288; Powell v. Bingham, 29 Ala.App. 248, 196 So: 154.

The prime insistence in brief of counsel is based on the admission in evidence of two exhibits which accompanied the plaintiff's deposition.

· It appears that these exhibits were properly identified by the officer taking the evidence. One was marked "A" and the other "B." Both were contained in the sealed package with the deposition and .were in

this condition when opened at the trial of the cause. Despite this, counsel urges that their introduction in evidence was unauthorized because they were not physically annexed to the deposition.

Exhibit "A" is an itemized statement of the account upon which the suit is based. Exhibit "B" is an affidavit of L. S. Larvery in which he swears that the above itemized statement is true and that it is due and unpaid. In this affidavit the affiant states that the amount due is $212.76. The statement itself shows the amount due to be $162.00. This variance is unexplained and apparently it was an inadvertence. However, the amount in Exhibit "A" formed the basis for the suit.

The court entered judgment for $126.00 with interest. Frankly, we do not see how he arrived at this figure. This aside, we do not see how the appellant can complain on account of these discrepancies.

The witness who deposed to the question in the deposition stated that the amount due was $162.00, and this answer was made independently of the itemized statement.

Section 467, Title 7, Code 1940, provides in part: " * * * the deposition, when complete, must be by the commissioner enveloped, together with the commission and any *document which may have been deposed to,* sealed and directed to the clerk of the court where the cause is pending, with the title of the cause indorsed thereon." (Emphasis ours.)

If the package bears no marks of alterations or mutilations, it is presumed to be in the same condition as it was when it left the possession of the commissioner. Title 7, Sec. 469, Code 1940.

It is customary, when possible, to annex the papers and documents to the deposition. This is a precautionary procedure.

In the early case of Humphries v. Dawson, 38 Ala. 199, the commissioner certified "that the annexed deed of conveyance, hereunto attached, marked 'A', was shown to the witness, and by him examined and recognized to be the original deed by him signed and delivered." The deed was enclosed in the package containing the deposition, but was not actually attached to the disposition until after it was opened at the trial of the cause. The court held that there was no error in refusing "to suppress the original deed of gift."

See also, Mobley v. Leophart, 51 Ala. 587.

We think that, under the facts and circumstances disclosed by this record, error should not be charged on account of the introduction of either of the exhibits in question.

The testimony of Mrs. L. G. Thomas was taken by deposition. She was asked this question: "Do you recall a receipt in words and figures as follows?" Included in the same question was a recitation of the contents of the receipt. Over objections the court allowed the affirmative answer to be read.

Counsel argues that the receipt was the best evidence and without it the witness could not have known its contents. There was no effort made by the question to prove what was contained in the document. It was merely a matter of identification. It appears that the witness wrote the receipt, and clearly she could be asked if she recalled it.

There is sufficient evidence to support the finding of the court below. His judgment is due to be affirmed. It is so ordered.

Affirmed.

### On Rehearing

There is no merit in the application for rehearing, and it is therefore denied.

The judgment entry, as it appears in the record, discloses that the court entered judgment in favor of the plaintiff for $126.00 with interest. We pointed this out in our original opinion. Since the rendition of the opinion, proof has been made that the judgment of the lower court was for $162.00 with interest from November 24, 1943.

It appears that a clerical error was made in typing the record and there was a transposition of the figures 2 and 6.

In view of this disclosure, it is ordered that the judgment below be affirmed for $162.00 with interest at legal rate from November 24, 1943.

Opinion extended.

Application for rehearing overruled.