Gᴇᴏʀɢɪᴇ Fʀᴇɴᴄʜ, Appellant,. *v.* Jᴀᴄᴏʙ Vɪx et al., Impleaded,. etc., Respondents.

H., the owner of a lot adjoining that of plaintiff's, entered into a contract with defendants by which they agreed to build a house upon said lot and "to become answerable and accountable for any damages * * * to the property * * * of any neighbor✸ * * * during the performance of said work." Defendants entered into a contract with D., by which the latter agreed to do the necessary excavation, he assuming "all responsibility for any loss or damage to persons or property" while engaged in the work, and to save defendants harmless therefrom. In blasting rock upon said lot, while D. was engaged in the performance of his contract, plaintiff's house was injured. In an action to recover damages the evidence tended to show that the damage was caused by the negligent manner in which D. conducted the work of blasting. The trial court charged the jury that in any event the defendants were liable. *Held,* error; that defendants were not liable for negligence on the part of D.; that if there was no negligence, and the injury was the inevitable result of the blasting, no one was liable, and if defendants' contract with H. was to be treated as a contract of indemnity, it imposed no liability, as H. was not liable; that the clause referred to could not be considered as inserted for plaintiff's benefit, but even if so held, as she was not a party to the contract or in privity therewith, as to her it was. without consideration and she could not enforce it.

(Argued June 6, 1894; decided June 22, 1894.)

Aᴘᴘᴇᴀʟ from order of the General Term of the Court of Common Pleas for the city and county of New York, made February 8, 1893, which sustained defendants' exceptions, set aside a verdict in favor of plaintiff and granted a new trial.

The nature of the action and the facts. so far as material, are stated in the opinion.

*William H. Arnoux* for appellant. Appeal will lie to this court. The verdict for plaintiff settles all controverted questions. (*M. N. Bank* v. *Sirret,* 97 N. Y. 320; *O'Brien* v. *Jones,* 91 id. 193–196; *Wolfahret* v. *Beckert,* 92 id. 490, 497.) The only source in this action from which the interest of the respondents can be determined is the sealed contract which is in evidence. (*Morse* v. *Salisbury,* 48 N. Y. 636.) Where a

contract executed under seal contains a valuable gross mon-
eyed consideration to be paid by one party and several distinct
agreements to be performed by the other party, the considera-
tion applies to each separate agreement without apportion-
ment. (*Miner* v. *Bradley*, 22 Pick. 357.) Where, in a writ-
ten instrument, a class is named as beneficiaries, or affected
thereby, any individual embraced in such class stands in rela-
tion to the provisions of such instrument as if expressly
named therein. (*Clinton* v. *H. Ins. Co.*, 45 N. Y. 454; *Simp-
son* v. *Brown*, 68 id. 360; *Coster* v. *Mayor, etc.*, 43 id. 411.)
The contract is in its nature a contract of insurance, and,
therefore, is enforcible, whether the respondent or the sub-
contractor was or was not guilty of negligence. (*Lord* v. *Dall*,
12 Mass. 115; *Barker* v. *Bucklin*, 2 Den. 45; *Lawrence* v.
*Fox*, 20 N. Y. 268; *Burr* v. *Beers*, 24 id. 78; *Cooley* v. *H.
M. Co.*, 53 id. 620.) In a crowded city, blasting contiguous to
dwellings is a dangerous occupation, and whoever undertakes
such work is liable to one injured thereby, whether he prose-
cutes it himself or employs a contractor, at least where such
an accident is not the result of negligence or carelessness.
(*Colton* v. *Onderdonk*, 69 Cal. 155; *Munro* v. *P. C. D., etc.,
Co.*, 84 id. 515; *Benner* v. *A. D. Co.*, 134 id. 156; *T. Co.* v.
*Chicago*, 99 U. S. 635; *Losee* v. *Buchanan*, 51 N. Y. 476;
*Cogswell* v. *N. H. R. R. Co.*, 103 id. 10.) The court below
extended the doctrine as to independent contractors beyond
its proper limits. The work being essentially dangerous,
neither Henry nor French could relieve himself, by letting
out the work, from consequences of the sub-contractor Dolan's
negligence. (*Booth* v. *R., W. & O. R. Co.*, 140 N. Y. 267;
*Bower* v. *Peate*, L. R. [1 Q. B. D.] 326; *Hughes* v. *Percival,*
L. R. [8 App. Cas.] 443.)

*Robert E. Deyo* for respondents. The disposition of the
case made by the General Term was correct. (*Booth* v. *R.,
W. & O. R. Co.*, 140 N. Y. 267; *Vrooman* v. *Turner*, 69
id. 280.) The court erred in refusing to allow the defendants
to prove what was intended by the provision. (*Colman* v. *F.*

*N. Bank*, 53 N. Y. 388; *McMaster* v. *Ins. Co. of N. A.*, 55 id. 222; *Juillard* v. *Chaffee*, 92 id. 529, 534.)

EARL, J. This action was brought to recover damages to the plaintiff's house in the city of New York under the following circumstances: One Henry owned a rocky lot adjoining the plaintiff's house, and in May, 1891, he entered into a written contract with the respondents, whereby they agreed to build a house for him upon his lot, which contract contained the following clause: "And the parties of the second part further agree to become answerable and accountable for any damages that may be done to the property or person of any neighbor or passer-by during the performance of said work." Subsequently the respondents entered into contract with one Dolan to do the rock and earth excavation requisite for the building of Henry's house, which contract contained the following clause: "The said Dolan hereby assumes all responsibility for any loss or damage which may occur to persons or property while he or his employees are engaged in the performance of such work, and hereby agrees to save the said Jacob Vix and sons harmless from the payment of any such loss during the progress of the work." Dolan entered upon the performance of his contract, and in blasting the rock upon Henry's lot caused the damage to the plaintiff's house which is complained of in this action.

There was evidence tending to show that the damage to the plaintiff's house was caused by the negligent manner in which Dolan conducted the blasting of the rock, and there was also evidence from which the jury might have found that some damage might have been done to the plaintiff's house if the blasting had been done with the utmost care. The trial judge, in submitting the case to the jury, charged that the plaintiff was in any event entitled to a verdict, and that the only question for their consideration was the amount of damages. He reached this conclusion by holding that the respondents had, by the clause in their contract above quoted, indemnified Henry against these damages, and that as Henry was liable to

the plaintiff, to prevent circuity of actions she could commence her action directly against them as indemnitors. The jury having rendered a verdict for the plaintiff, the judge directed the respondents' exceptions to be heard in the first instance at the General Term. There the exceptions were sustained and a new trial was granted on the ground, in substance, that it did not conclusively appear that the work which Henry contracted to have done would necessarily cause damage to the plaintiff's house; that the damage may, therefore, have resulted from the careless manner in which the work was done by Dolan, an independent contractor, which, under the case of *McCafferty* v. *Spuyten Duyvel R. R. Co.* (61 N. Y. 178) and other cases, imposed no liability upon Henry, and that, therefore, as he was not liable, the respondents, as his indemnitors, were not liable for these damages.

There was no claim upon the trial, and no contention upon the argument before us that the respondents could be made liable for damage caused by the mere carelessness of Dolan in blasting the rock, and so far as the damage to the plaintiff's house was due to mere carelessness, that may be eliminated from the case. Nor can Henry or any one working under him be made liable for damages which were the inevitable consequence of the blasting. The case of *Booth* v. *Rome, W. & O. T. R. R. Co.* (148 N. Y. 267) had not been decided when this case was under consideration in the courts below. There, after the fullest consideration, in an opinion carefully reviewing the authorities which leaves nothing to be said, we laid down the doctrine that one who in the reasonable use of his land blasts rocks thereon with due and proper care, is not liable for the inevitable damage caused thereby to neighboring property. We see no reason for re-considering the points decided in that case, and it must be regarded as a precise authority for the respondents unless they can be held liable for these damages by virtue of the clause in their contract above quoted; and whatever view may be taken of that clause it cannot impose liability upon them. If it be treated as a contract of indemnity it could impose no liability because

Henry not being liable there was nothing to call the indemnity into operation. The indemnitors could not be liable unless the party to be indemnified became liable. If it be claimed that this clause in the contract was intended for the benefit of the plaintiff, and that, therefore, she can enforce it, there are two answers to such a claim. It cannot be said that it was inserted for her benefit. The parties did not intend to provide indemnity against damages for which they were in no way liable. The sole purpose of the clause was the indemnity of Henry, and he alone, or some one in his right could in a proper case enforce it. But even if it could be held that the contract contained in this clause was intended for the plaintiff's benefit, she was not a party to the contract nor in privity therewith, and as to her it was wholly without consideration. As Henry could not, under any circumstances, become liable for these damages, either on the ground of careless blasting or of inevitable damage, the case of *Vrooman* v. *Turner* (69 N. Y. 280) is an authority for holding that the plaintiff cannot sue upon and enforce the contract.

Our conclusion, therefore, is that the order of the General Term should be affirmed, and judgment absolute rendered against the plaintiff, with costs.

All concur.

Ordered accordingly.