ROBERT SIMON ET AL. v. MICHAEL HENRY ET AL.

Argued June 9, 1898—Decided November 7, 1898.

1. The defendants, having contracted with municipal authorities to construct a public sewer in a street, used dynamite to blast out trap-rock in making the necessary trench. The plaintiffs claimed that the concussion resulting from the blasts cracked the walls of their building standing on the side of the street. *Held,* that if the defendants exercised reasonable care and skill in the use of the explosive they were not responsible for the damage alleged.

2. The rejection of testimony admissible for a purpose other than that for which it is offered will not justify the setting aside of a verdict when the testimony, if received, could reasonably have but slight effect.

---

In tort.    On rule to show cause.

Before Justices DIXON and LUDLOW.

For the plaintiffs, *Flavel McGee.*

For the defendants, *Charles L. Corbin.*

The opinion of the court was delivered by

DIXON, J.    The plaintiffs were the owners of a factory on the corner of Gardner street and the Boulevard, in the town of Union, Hudson county, and the defendants contracted with the authorities of the town to construct a public sewer in the Boulevard. To make the necessary trench the removal of trap-rock was required, and the defendants removed it by blasting with dynamite.    The plaintiffs claimed that the concussion resulting from the blasts cracked the walls of their factory, and they brought this suit to recover compensation for the damage.    The court charged the jury, in substance, that if, in the prosecution of the work, the defendants had exercised reasonable care and skill they could not be held responsible.    On this topic the learned judge said to the jury : " Reasonable care  *  *  *  is that care which reasonably-prudent men, acquainted with this character of work, *  *  *  acting cautiously and prudently, with a desire to avoid injury to others, would exercise in the performance of it.  *  *  *  You can take into consideration all the circumstances as bearing on the question whether the defendants have exercised that care or not—the character of the soil, the character of the rock, what they used in blasting the rock, how they blasted it, the manner of doing it, whether too much of explosives was used, whether the drill-holes were too far apart, whether they endeavored to take out too much rock at one time, in length or in depth, the proximity to the building and the injury.    All of the conditions there are for you to determine as bearing upon the question of the exercise of reasonable care.    Blasting close by a building necessarily would require a high degree of care—perhaps the highest degree of care—to protect the building from injury.    It all comes under the term ' reasonable,' after all, depending upon all the circumstances surrounding it."

Under this charge the jury found for the defendants, and the plaintiffs now seek to set aside the verdict on the ground, mainly, that the defendants are responsible even though they did exercise reasonable care and skill.

To support this position they rely chiefly on the case of *McAndrews* v. *Collerd,* 13 *Vroom* 189, where the Court of Errors held that one who maintains a public nuisance is liable for the damage thereby caused, notwithstanding his exercise of all possible skill and care to prevent harm.

To come within the range of this decision the plaintiffs must make out that the blasting of rock by dynamite, in the construction of a public sewer through a highway, is, *per se,* a nuisance.

The evidence in this case by no means tended to establish such a proposition. On the contrary, it was to the effect that blasting was the only practicable mode of removing the rock; that dynamite was an explosive often used in such work and that, if used with reasonable care and skill, it was as safe as other explosives. The proposition, therefore, would fall, unless it should be held that the building of public sewers in streets laid over rock would necessarily create a nuisance, and for this the plaintiffs do not contend.

Nor do we think it accords with common experience that the careful and skillful use of these explosives involves more danger to person or property than such use of various other forces which science has discovered, and which in their general effect promote the convenience and progress of society and are therefore recognized as lawful agencies.

In *McAndrews* v. *Collerd, ubi supra,* the nuisance consisted not in the use of explosives, but in the maintenance of a magazine where a large quantity was stored.

In *Booth* v. *Rome, Watertown and Ogdensburg Railroad Co.,* 140 *N. Y.* 267, and in *French* v. *Vix,* 143 *Id.* 90, it was held that the temporary use of explosives in the blasting of rock, provided reasonable care be exercised, is lawful, and damage resulting from concussion thereby produced is *damnum absque injuria.* We find no contrary decision.

On this point, therefore, the plaintiffs have no cause of complaint.

They also object to the overruling of an offer on their part to prove that, before the work was commenced, one of the

defendants assured and guaranteed them that the work would cause no damage to the building.

This being an action of tort, the guarantee was not available, and the only ground on which the testimony might be received was that the assurance afforded some evidence against the defendants that the proper prosecution of the work would not cause damage, and hence if damage was caused it resulted from the improper prosecution of the work. But the testimony was offered for a quite different purpose, and this idea was not suggested at the trial. Had the evidence been received, its reasonable effect in the direction indicated would be so slight that, under the circumstances, we think its rejection does not justify a new trial.

The plaintiffs' counsel mention other grounds of objection, but they do not appear to be of sufficient substance to call for discussion.

The evidence presented a fair case for the decision of the jury, and their determination must stand.

The rule to show cause is discharged.