# Briggs *v.* Tennessee Coal, Iron & Railway Company.

## *Injury to Servant.*

(Decided December 19, 1911. Rehearing denied February 15, 1912. 57 South. 882.)

1. *Bill of Exceptions; Signing; When in Fieri.*—When a bill of exceptions is presented to the trial judge within 90 days after the judgment, and signed by him within 90 days, if the signing is in term time, the bill of exceptions is in fieri until the adjournment of the term; but, like other parts of the record, it cannot be altered or modified after adjournment; if it is not signed in term time, it remains in fieri until signed, or until the expiration of the period for signing or presenting has expired, but upon being signed and filed, it becomes a part of the record, and if signed after the adjournment of that term of the court, it is no longer in fieri, and cannot be changed or modified by the judge.

2. *Same; Withdrawing Signature.*—Under the facts in this case, it is held that the action of the court in withdrawing its name from the bill of exceptions was subsequent to the end of the term and subsequent to the signing and filing of the same with the clerk, and hence, was unauthorized and void.

3. *Judgment; Entry on Docket; Alteration.*—After adjournment of the term a judgment entered upon the minutes, the minutes having been signed by the judge, cannot be altered or amended except for clerical error or omission on evidence shown by the record; parol evidence being insufficient to warrant amendment nunc pro tunc.

4. *Same; Record; Evidence.*—The mere omission of the bench notes of the trial judge to mention pleadings is not such record evidence as warrants alteration after the expiration of the term of a duly entered judgment, which recited the existence of such pleadings, as there is no law requiring the judge to make bench notes.

5. *Same.*—Where the original judgment entered by the clerk was stricken out and another substituted, the fact that the original judgment still appeared in the minutes of the court was not such record evidence as would warrant the court in amending the second judgment nunc pro tunc after the expiration of the term, for without the aid of parol evidence, it will be presumed that the first was erased by order of the court.

(Anderson, McClellan and Mayfield, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Millage Briggs against the Tennessee Coal, Iron & Railroad Company for injuries while engaged in its employment. Judgment for defendant, and plaintiff appeals. Reversed. and remanded.

A trial was had and judgment entered under the following facts: On the 25th day of March, 1910, judgment was rendered in favor of the defendant, and the judge's bench notes showed as follows: "By leave of the court, plaintiff refiled his complaint and amendments thereto. By leave, defendant refiled its demurrers heretofore filed, and also additional demurrers, by separate paper of this date, to each count of the complaint as refiled. By leave, the defendant refiled pleas 1, 2, and 4 and plea 3 as amended, by separate paper filed after demurrer to each count of the complaint overruled. Plaintiff, by leave, refiled its demurrers heretofore filed to pleas 2 and 4, and plea 5. Demurrers to plea 3 sustained. Verdict and judgment for the defendant." From said bench notes the clerk entered the following judgment: "On this the 25th day of March, 1910, this cause being reached on the docket and called for trial, came the parties by their attorneys, and the plaintiff, by leave of the court first had and obtained, refiles his complaint and the amendment thereto. The defendant now, by leave of the court first had and obtained, refiles its demurrers thereto, as appears by separate paper writing this day filed. Demurrers to each count of the complaint are by the court heard and considered, whereupon it is ordered, adjudged, and decreed that said demurrers be and they are hereby overruled. Defendant now, by leave of the court first had and obtained, refiles pleas 1, 2, and 4, and plea 3 as now amended, as appears by separate paper writing this day filed. The plaintiff now, by leave of the court first had and obtained, refiles his demurrer heretofore filed to

pleas 2, 4, and 5. The demurrer to plea 3 is by the court heard and considered, whereupon it is ordered, adjudged, and decreed by the court that the said demurrer is hereby sustained; and issue now being joined thereupon," etc. It appears that the clerk, or the plaintiff's attorney, with the consent of the clerk, changed the minutes by drawing a red line or lines through them, and entered in lieu of said judgment the following judgment: "On this the 25th day of May, 1910, this cause being reached upon the docket and called for trial, come the parties by their attorneys, and plaintiff, by leave of the court first had and obtained, refiles his complaint and the amendment thereto. The defendant now, by leave of the court first had and obtained, refiles its demurrers to the complaint, and also files additional demurrers thereto, as appears by separate paper writing this day filed. The demurrers to each count of the complaint are by the court heard and considered, whereupon it is ordered and adjudged that the said demurrers be and they are hereby overruled. The defendant now, by leave of the court first had and obtained, refiles pleas 1, 2, and 4, and plea 3 as now amended, as appears by separate paper writing this day filed. Plaintiff now refiles to plea 5 all demurrers heretofore filed to pleas 2 and 4. Demurrers to plea 2 are by the court heard and considered, whereupon it is ordered and adjudged by the court that the demurrers to plea 2 be and the same are hereby overruled. Demurrers to plea 3 are by the court heard and considered and it is ordered and adjudged by the court that the demurrers to plea 3 be and the same are hereby in all things sustained. Demurrers to plea 4 are by the court heard and considered, whereupon it is ordered and adjudged that the demurrers to plea 4 be and the same are hereby in all things overruled." Then follows the same order as to plea 5,

together with a joinder of issue and finding in favor of plaintiff. On the 6th day of December, petition therefor having been filed, and set.for hearing on December 1, 1910, by the defendants in said cause, said last-named judgment was stricken, and the original judgment as entered by the court was restored to the minutes. In the meantime a bill of exceptions had been prepared and presented to and signed by the judge, containing the minute entry as changed and last made. The court's attention having been called to the change by this motion, the judge struck his name from the bill of exceptions. The cause was submitted on motion to establish the original bill of exceptions as signed by the judge, and from the order made by the judge, striking the changed minute entry and restoring the original minute entry.

DENSON & DENSON, for appellant. The court erred in overruling plaintiff's demurrer to plea 4 as an answer to count 3.—*M. & C. v. Martin,* 117 Ala. 382; *So. Ry. Co. v. Bunt,* 131 Ala. 595; *B. R. L. & P. Co. v. Brown,* 150 Ala. 331; *Bessemer C. I. & L. Co. v. Doak,* 152 Ala. 172; *B. R. L. & P. Co. v. Jaffee,* 154 Ala. 554; *Martin v. U. S. & N. R. R. Co.,* 163 Ala. 218. The plea of assumption of risk was no answer to that count.—*B: So. v. Powers,* 136 Ala. 239; *So. Ry. Co. v. Hyde,* 1 South. 369. The court erred in overruling demurrers to plea 5, as answer to count 3 of the complaint.—*H. A. & B. v. Robbins,* 124 Ala. 118. The court erred in overruling plaintiff's demurrer to plea 4 as an answer to count 2.—*Pioneer M. & M. Co. v. Smith,* 150 Ala. 359; *So. Ry. v. Guyton,* 122 Ala. 242; *So. Ry. v. Shields,* 121 Ala. 465; *H. A. & B. v. Walters,* 91 Ala. 442. A servant does not assume the risk incident to the negligence of a superintendent or of a person to whose orders he is bound to

conform, and does conform.—*Woodward I. Co. v. Andrews,* 114 Ala. 257; *L. & N. v. Wynn,* 51 South. 978. The court erred in overruling demurrers to pleas 2 and 5 as answer to the complaint.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575; *Wes. C. & F. Co. v. Bean,* 163 Ala. 263; *So. Ry. v. McGowan,* 149 Ala. 452; *Pioneer M. & M. Co. v. Smith,* 150 Ala. 359. The trial judge was without authority to withdraw his signature from the bill of exceptions after he had signed it and it had been filed with the clerk of the court.—*Bridges v. Kuykendall,* 58 Miss. 828, and Alabama cases cited; *Perry v. Cent. R. R.,* 74 Ga. 411.

PERCY, BENNERS & BURR, for appellee. On motion to establish bill of exceptions and to strike the bill of exceptions from which the judge had stricken his name counsel cite.—*Northington v. Jones,* 37 Ala. 240; *Strawbridge v. State,* 48 Ala. 308; *Posey v. Beale,* 69 Ala. 32; *Middleton v. Wilson,* 84 Ala. 273. Counsel also insist on the authority of *L. & N. v. Malone,* 116 Ala. 600, and *Keith v. Korman, et al.,* 56 South. 658, that the rule which declares that parol evidence is inadmissible to vary or contradict the record does not prohibit the introduction of such evidence when the purpose is to show that the paper writing or instrument which purports to be a record is in fact not a record. A judge has no authority or control over a record after the adjournment of the term at which the record was made.—*Kitchen v. Moye,* 17 Ala. 394, and authorities supra; *Poole v. R. R. Co.,* 5 Ala. 257; 3 Cyc. 50.

ANDERSON, J.—Section 3019 of the Code of 1907 authorizes the presentation to the judge of a bill of exceptions within 90 days after judgment is entered, and further gives the judge 90 days after the presentation

within which to sign same. This period of 90 days
given the judge was intended as a sufficient time within
which he should go over and determine the correctness
of same, and it stands to reason that he will not sign
it before ascertaining its correctness. Section 3018 pro-
vides that, after he signs said bill it thereby becomes a
part of the record, and after it becomes a part of the
record, if in term time, it would be in fieri until the
adjournment of the court, but, like other parts of the
record, cannot be altered or modified after adjournment.
—*Posey v. Beale,* 69 Ala. 32; *Chapman v. Holding,* 54
Ala. 61; *Branch Bank v. Kinsey,* 5 Ala. 9; *Weir v. Hoss,*
6 Ala. 881; *L. & N. R. Co. v. Malone,* 116 Ala. 600, 22
South. 897; *Bridges v. Kuykendall,* 58 Miss. 827. On
the other hand, if it is not signed in term time, the
statute keeps the matter as to the bill of exceptions in
fieri until the same is signed, or until the expiration of
the period for signing or presenting same unless it is
sooner signed; but the very moment it is signed and
filed it becomes a part of the record, and, if it becomes
such after the term of court has adjourned, it is no long-
er in fieri, and it is beyond the power of the judge to
change or modify same. If the bill as signed by him is
not the proper one as tendered, the aggrieved party may
proceed to establish same under section 3021.—*Turner
v. White,* 97 Ala. 549, 12 South. 601. But, until steps
are taken to do so, the bill, as signed and filed by the
judge, will be treated by this court as the true and cor-
rect one. The bill of exceptions is in fieri for 90 days
from presentation and 90 additional days for considera-
tion by the judge, but; if the bill is presented sooner and
the judge sees fit to sign and file the same before the
expiration of the 90 days given him within which to
sign, the suspension is thus cut down, and, after the
signing and filing of same, the matter is no longer in

fieri, and is beyond the power of the judge. The cases of *Posy v. Beale, supra,* and *L. & N. R. R. Co. v. Malone, supra,* both held that the bills of exceptions there involved could not be changed or altered by the judge after being signed and after the adjournment of court, and stated that the change could not be made after the adjournment of court or beyond the time agreed upon by counsel. This last expression was mere dictum in said cases, as neither of them involved the question of changing a bill of exceptions after it was signed and filed and before the expiration of the time for signing same, for in each case the attempted correction was after the adjournment of court, and after the expiration of the time given for signing the bill. We think that what the court meant to state in the cases supra was that the question as to the bill of exceptions was in fieri only during the term of the court or until the expiration of the time within which the bill could be signed, and that the court did not mean to hold that the signing and filing of same when done within the time allowed would authorize the judge to subsequently withdraw his signature or change or alter same, even if done before the expiration of the period within which the bill could be signed. In other words, we hold that, if the bill is signed in term time, the matter is still in fieri until the adjournment of the term, but, if not signed in term time, it is still in fieri until the bill is signed by the judge and filed with the clerk, the period, of course, not to extend beyond the time fixed by law for signing, but, when the bill is signed and delivered, the matter is no longer in fieri, and the power and control of the judge is at an end. The action of the judge in withdrawing his signature from the bill of exceptions was subsequent to the end of the term, as fixed by the practice act, being more than 30 days after the rendition of the judgment.

—Weakley's Local Laws of Jefferson County, p. 598, § 20; *Stein v. McArdle,* 25 Ala. 562. It was also subsequent to the signing and filing of same with the clerk and was unauthorized and void.—*Ex parte Nelson & Kelly,* 62 Ala. 379, 380; *Dudley v. Chilton County,* 66 Ala. 597, and authorities supra. We will therefore treat and consider the bill of exceptions signed and filed on January 24th as the true and correct one.

As we understand the facts in this case, a judgment was rendered for the defendant on May 25, 1910, and a judgment was written up by the clerk on a slip or folio, which was subsequently to be bound in book form, as the minutes of the court, and which said entry conformed to the bench notes made during the trial; that within 10 days thereafter the minute entry as written by the clerk was changed either by the clerk or by plaintiff's counsel with the consent of the clerk, so as to include rulings not disclosed by or included in the bench notes. Nor does it appear that this change was brought to the attention of the judge until November 26, 1910, during another term of the court, or that the presiding judge knew of such change when signing the minutes with all of the other judges on June 30th, the end of the term. "The object of a judgment nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in place of the one it did erroneously render, nor to supply nonaction by the court, however erroneous the judgment may have been."—*Wilmerding v. Corbin Banking Co.,* 126 Ala. 278, 28 South. 640, and cases cited. It is

also a well-established rule that judgments can be amended nunc pro tunc only upon record evidence or evidence quasi of record, and the deficiency in a judgment or decree cannot be supplied by parol.—6 Mayfield's Dig. § 75, p. 504. The present motion was not to invoke any rulings that were not made, but to, in effect, eliminate from the judgment entry rulings which were not made, but which had been erroneously embodied therein by the subsequent action of the clerk and plaintiff's counsel, and the correction could be made by a judgment nunc pro tunc.—*Ware v. Kent,* 123 Ala. 427, 26 South. 208, 82 Am. St. Rep. 132. The first judgment entry conforms to the bench notes, and is presumably the one that received the sanction and approval of the trial court. The contrary not appearing, public officers are presumed to do their duty, and section 5732 of the Code of 1907 requires that the minutes must be read each morning in open court. The obvious purpose of this wise and highly important statute was to enable the trial court to check up the minutes, and see that they were correctly entered in conformity with the bench notes, or that one or both should be corrected, if not correct, while the facts and proceedings were fresh upon the minds of the court and counsel. Indeed, this court has announced that it is a custom to comply with this statute, and said, speaking through Stone, J., in the case of *Lanier v. Russell,* 74 Ala. 367: "The system and practice in our common-law courts of general jurisdiction we think furnish a safe analogy and guide in cases like the present. The statute directs that the minutes of those courts must be read each morning in open court.—Code 1876, § 546. This must mean that the minutes made by the clerk of the court's proceedings during one day must be read on the morning of the next succeeding day. Now, in practice, these proceed-

ings are generally entered up after the adjournment of the court for the day, frequently during the night, after judicial hours, and often finished up during the next morning, before court convenes. Yet the judgment bears date, and should bear date, of the day the proceedings were had in the court. Such we think has been the universal custom since our judicial system was organized." Not only does the statute and custom direct and recognize the daily keeping and reading of the minutes, but section 3714 of the Code of 1907 provides extra compensation at a per diem rate for this particular service. Here we have a judgment that was presumably the one approved by, and was in fact, the judgment of the court, and which is subsequently changed without the assent or knowledge of the court, and which said change was not brought to the attention of the judge before signing the minutes upon final adjournment, or, in fact, until November 26th of a succeeding term. The court makes the rulings and pronounces the judgments, and it is but the clerical duty of the clerk to record the minutes as directed by the court, through the bench notes or otherwise; and, when said minutes are so recorded and approved by the court, the clerk or no one else has the right to change them, even during the term, unless directed by the judge to do so or unless the unauthorized change is subsequently ratified by the judge. It might be that, if the judge knew of the change when he signed the minutes, this would be an approval or ratification of the change, but it affirmatively appears, in the present case, that he did not know of said change when signing the minutes. Nor can we say that the mere signing of the minutes at the end of the term concludes the judge as to all things contained therein. If such was the case, there could never be a correction. It might be that such a signing would be presumptive evi-

dence of the correctness of same, but, when it appears that a. change was made between the approval of the minutes and the final signing of same and that the judge did not know of same, the presumption from signing the minutes cannot overcome the other presumption of correctness growing out of the reading of the minutes and the approval of same. We therefore think that the record or quasi record evidence supports the first minute entry, and shows that the change was not authorized, and that it was not subsequently ratified. On the other hand, if we are to consider parol evidence or evidence de hors the record, we cannot say that the conclusion of the trial court was wrong, as this is an appeal upon which all reasonable presumption must be indulged in favor of the finding of the trial judge, and which said finding must not be disturbed unless it is plainly erroneous. It is true the practice act of the city court requires us to review the rulings and conclusion, on the facts, of the trial judge without any presumptions in favor of the correctness of same, but whether said section applies to trials of motions of this character, as distinguished from ordinary cases, we need not decide, but may concede that it does; yet that provisions of the act and ones similar thereto have been repeatedly construed as governing us only in cases where this court has before it the same data and advantages for considering the evidence as did the trial court.— *Thompson v. Collier,* 170 Ala. 469, 54 South. 493; *Simpson v. Golden,* 114 Ala. 336, 21 South. 990; *York v. State,* 154 Ala. 60, 45 South. 893, and many cases there cited. This is a case in which the trial judge was a witness to, and in a sense, a party to the transactions involved, and, while he does not testify in the case, yet we know that he was a witness to what took place on the trial, and after the motion was made, and, while

[Briggs v. Tennessee Coal, Iron & Railway Company.]

considering same, he may have refreshed his memory, was aware of his custom and habit of noting the rulings in the bench notes, and may have had in his breast and mind many reasons for holding that the first minute entry was the correct one, and which said facts and circumstances could not be, and are not, presented to this court so as to give us the same advantages and opportunities of passing on the facts as was possessed by the trial judge.

A majority of the court, however, are of a different opinion, and think that the trial court erred in granting the motion nunc pro tunc. As the last judgment must be considered as the proper one, we are all of the opinion that the main case must be reversed for the overruling of plaintiff's demurrers to pleas of contributory negligence to the wanton count of the complaint.

The case is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., dissent on the question of amending jungments nunc pro tunc.

SIMPSON, J.—When the judgment in this case, as last formulated, was entered upon the minutes and the minutes were signed by the judge, it became the judgment of the court, and, after the adjournment of the term of the court, it was beyond the power of the judge to alter or amend the same, "except for a clerical error or omission on evidence shown by the record."—*Chamblee et al. v. Cole,* 128 Ala. 649, 651, 30 South. 630, and cases cited. This principle, clearly recognized by a long line of decisions, is necessary in order that the records of our courts may, as the law requires, import absolute verity unless attacked by the known methods within

the power of a court of chancery. Parol testimony is not admissible in a proceeding to alter, amend, or correct a record by an amendment nunc pro tunc, which, according to the authorities cited and many others, must rest alone on matter apparent on the record.

It cannot be said that the mere fact that the bench notes made by the judge do not mention the pleadings in question furnishes record evidence that no such action was taken as set out in the minutes, for the reason that there is no law requiring the judge to make bench notes, and the minutes of the court, and not the bench notes, constitute the record of the case. Nor does the fact that the previous judgment appears on the loose leaves of the minutes furnish any such record evidence, for, without the aid of parol testimony, it shows that it was erased, which is presumed to be the act of the court.

Consequently the action of the court in granting a motion to correct the judgment entry at a succeeding term of the court was erroneous and of no effect.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.

ANDERSON, J.—While Justices McCLELLAN, MAYFIELD, and the writer think that the change in the first judgment entry was unauthorized, and that the trial court had the right to correct the record by eliminating the entry, as changed, and reinstating the original entry, we do not wish to impute any improper motives to counsel or the clerk in making said change. While the change was unauthorized and should not be binding on the trial court, the evidence was sufficient to justify them in entertaining the belief that the first entry was incomplete, and counsel naturally took the matter of

correcting the same up with the clerk, when prudence should have suggested his doing so with the judge. We do not think there was any intention whatever to falsify the record, and are not disposed to further combat the conclusion of the majority in the instant case, and but for the influence and force of the opinion in the future there would be no attempt to reply to the majority opinion.

I fully agree with the majority that parol evidence cannot be resorted to in order to supply matters which do not appear of record, but I do think that parol evidence can and should be resorted to in order to explain how and by whom entries upon the record were made, obliterated, or altered; otherwise it could never be shown nunc pro tunc that the trial court did not make or direct entries, notwithstanding they may have been made without warrant or authority.

I also think the bench notes and first judgment entry were not only record or quasi record evidence of what judgment was really rendered by the court, but that they offered the highest and best evidence of same. They may not affirmatively contradict the second entry, but they do afford negative evidence that the rulings contained in the second entry and not disclosed by the bench notes and first entry were not in fact made, else they would have appeared therein. The first entry was presumably read in open court, the morning after the trial, was approved by the trial court, and thereby became the judgment of the court, subject to change only by or with the assent of the trial judge, and to my mind it is monstrous to reject this entry as record evidence and give absolute verity to the second one, made without the knowledge or consent of the trial judge. The holding renders trial courts absolutely helpless to make their judgments speak the truth. In other words, not-

withstanding the statute is complied with and the minutes are read in open court, as the law requires, the judgment so read may be subsequently canceled without the knowledge or consent of the trial judge, and the unauthorized one so substituted by counsel and clerk, at any time before the court adjourns, becomes conclusively the judgment of the court, and the first entry cannot be looked to as record evidence. If this second entry becomes ipso facto the judgment of the court, what would be the result if counsel on the other side convinced the clerk a few days later that the second entry was incorrect and induced him to change it, and a few days later another change was made, each entry as canceled appearing with red lines through same, what one should be regarded as the true and proper judgment of the court, the one presumably read in open court and approved by the judge, or one of the numerous changed or amended ones and as to which the trial judge was not a party?

I also think that my Brother SIMPSON attaches too little importance to the first entry, which, as he says, appeared upon "loose leaves of the minutes." It appears that in the city court all minutes are first written upon loose leaves, which are subsequently bound together in book form, and the second entry, the one to which the majority imply absolute verity, was written in the same way as the one discredited by them, and seems to be in part upon the same loose leaf which contains the first one. The copy of the minutes sent up shows the first entry on pages 623 and 624 of Book 29 A, with two red lines running through the face of same, and immediately succeeding it is the second entry, commencing on page 624. This first entry conforms to the bench notes, and the second one deos not, and the proof shows, which was not objected to, that the red

lines were run through the first entry, without the knowledge or authority of the trial judge, and that he did not know of the existence of the second one until long after the adjournment of the court for the term. If the action of the clerk was a mere clerical error, it could be corrected upon motion nunc pro tunc. If, on the other hand, the action of the clerk was not entirely clerical, then his act in canceling the first judgment and creating a second one was unauthorized and void, and the trial court had the power to vacate or expunge the record and expunge the cancellation of the first one so as to make the record disclose the true and real judgment of the court. To my mind the holding of the majority will be most far-reaching and dangerous. A trial court may have the minutes read, as the statute directs, and then correct or approve same, then, after that is done, the clerk or some one else may change the entry, and, if the judge happens to sign the minutes, he is bound by the changed entry, notwithstanding he did not know of said change when signing said minutes. Such a holding subordinates the power that renders the judgment to the mercy of the clerk, unless perchance the judge discovered the change before court adjourned. It appears in this case that the trial judge did not know of the change when he signed the minutes, but, if he did, the signing could not conclude him, as to the correctness of same, as it was more than 30 days after the date of the rendition of the judgment in the case, and, under the practice act of the city court, he was powerless to correct same and could only do so in the manner subsequently attempted, and which I think was the proper and appropriate method, and do not think that the injured party should be forced to file a bill in the chancery court for the correction or cancellation of the unauthorized judgment entry.