(76 South. 979)

**NORTHERN ALABAMA RY. CO. v. FOS-TER, CREIGHTON, GOULD CO.**

(8 Div. 56.)

(Supreme Court of Alabama.   Nov. 15, 1917.)

1. **APPEAL AND ERROR ⬤➡1040(16)—HARMLESS ERROR — OVERRULING DEMURRER TO COUNT OF COMPLAINT.**

Where the court in its oral charge affirmatively excluded the first count of the complaint from the jury's consideration, any error in overruling demurrer to the first count was harmless to defendant.

2. **RAILROADS ⬤➡441(1)—INJURIES TO STOCK —STATUTE.**

Where a mule was not injured by collision or contact with a railroad's locomotive or cars, but by breaking its legs on a trestle upon which it ran away from the train, the provisions of Code 1907, § 5476, governing the burden of proof in cases of injuries to stock, are not applicable.

3. **RAILROADS ⬤➡441(1)—INJURIES TO STOCK —BURDEN OF PLEADING AND PROOF.**

In an action against a railroad for injuries to a mule driven on a trestle by a train, the burden of efficient allegation, and of proof supportive thereof, to show negligence, or willful or wanton wrong, is upon plaintiff, unaided by any statutory presumption or shifting of the obligation of averment or of proof.

4. **RAILROADS ⬤➡439(5)—INJURIES TO STOCK —PLEADING—SUFFICIENCY OF AVERMENT OF NEGLIGENCE.**

The general averment of negligence in a count of the complaint that the injuries to a mule were the proximate consequence of the negligence of defendant railroad's engineer, in that after he became aware of the peril of the mule on the track, he continued to approach the mule with his train, knowing that it would probably cause the mule to run onto a trestle ahead, and injure itself, was sufficient against demurrer.

5. **RAILROADS ⬤➡414— INJURIES TO STOCK — LIABILITY.**

Where a mule was on a railway track through no negligence of the company, in the absence of wanton wrong, or willful or wanton omission or misconduct on the part of the railway's engineer, the railway was not liable for injuries to the mule when it became frightened at a train and ran ahead of it onto a trestle, where its legs were broken.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by the Foster, Creighton, Gould Company against the Northern Alabama Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Judgment reversed, and cause remanded.

J. H. Bankhead, Jr., and Malcolm E. Nettles, both of Jasper, for appellant. Travis Williams, of Russellville, for appellee.

McCLELLAN, J.   The plaintiff, appellee, was accorded a judgment against the defendant, appellant, for damages suffered by it through the injury of a mule belonging to the plaintiff.

[1] There were two counts in the complaint; but the court, in its oral charge, affirmatively excluded the first count from the consideration of the jury.   This precluded any possible error prejudicial to the defendant in overruling the demurrer to the first count.   The count's sufficiency is therefore not considered.   The other count, the second, set forth that the means (not the negligence) whereby the mule was injured was that before an approaching train of the defendant the mule, upon the track, ran along the track, which was fenced on both sides, until it reached and went upon a trestle.   Its legs fell through the space between the ties supporting the rails, thereby breaking the animal's legs.   The negligence to which this injury was attributed for proximate cause is thus stated in count 2, the only count submitted to the jury:

"The plaintiff avers that the aforesaid injuries to said mule was the proximate consequence of the negligence of Bob Gaut, in this, that after he became aware of the peril of the said mule he negligently continued to approach the said mule with the said engine and train of cars, well knowing that so to do would likely or probably cause the said mule to run into the said trestle and injure itself, and did force or cause said mule to run into said trestle and injure itself as aforesaid; and the plaintiff avers that Bob Gaut was then and there the agent of the defendant in charge or control of the said engine and train of cars which caused the said injury."

[2, 3] As appears, both from this count and from the evidence, the animal was not injured by collision or contact with the locomotive or cars.   In such circumstances, the provisions of Code, § 5476, governing the burden of proof in cases of injuries to stock, are not applicable.   Garth v. N. C. & St. L. Ry. Co., 186 Ala. 145, 154, 65 South. 166.   The burden of efficient allegation, and of proof supportive thereof, to show negligence, or willful or wanton wrong, is in cases of this character upon the plaintiff, unaided by any statutory presumption or shifting of the obligation of averment or of proof.

[4] The second count purports to charge simple negligence after the discovery of the animal's peril; such peril being the probability or likelihood—known to Gaut who was in charge or control of the engine and train—that the animal would run into the trestle and suffer injury, which probability became, in consequence, an accomplished fact.   The court below so interpreted the count.   It is evident that the case sought to be stated in the count was for an injury consequent upon the fright of the animal, inducing it to exercise its propensity to flee from the cause of alarm.   The sufficiency of the general averment of negligence in count 2, against the grounds of demurrer taken, must be affirmed under the authority of Cent. of Ga. Ry. v. Fuller, 164 Ala. 196, 51 South. 309, Ala. Con. C. & I. Co. v. Cowden, 175 Ala. 108, 56 South. 984, and other authorities therein noted.

The substantive law of this case has been stated in the appeals in the Garth Case, severally reported in 155 Ala. 311, 46 South. 583, 179 Ala. 162, 59 South. 640, annotated in

46 L. R. A. (N. S.) 430, and 186 Ala. 145, 65 South. 166. The conclusion of the court is thus correctly stated in the second headnote, at page 145, of 186 Ala., at page 166 of 65 South.:

"Where, through no neglect of the company, horses are on the track, and, becoming frightened, run along the track and into a trestle, and are injured, the railroad is not liable where the train is stopped before striking them, in the absence of wanton wrong or willful injury upon the part of the servants of the railway."

[5] Since the plaintiff did not declare on any wanton wrong, and since the evidence disclosed no fact or circumstance tending to show any willful or wanton omission or misconduct on the part of any of the defendant's servants on that occasion, it was error to refuse the general affirmative charge requested, in its behalf, by the defendant.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.