(116 So. 518)
### HOWELL v. MOON. (7 Div. 774.)

Supreme Court of Alabama. April 12, 1928.

**I. Appeal and error ⊜⇒761—Mere repetition of assignments of error in brief does not require consideration thereof on appeal.**

Mere repetition of assignments of error in brief on appeal does not amount to such insistence or argument as to require consideration thereof.

**2. Appeal and error ⊜⇒1012(1)—In trial to court, court's conclusions on evidence ore tenus will not be disturbed on appeal, unless plainly contrary to great weight of evidence.**

In case tried to court without jury on evidence ore tenus, court's conclusions will not be disturbed on appeal, unless plainly contrary to great weight of evidence.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action in ejectment by Rhoda Howell against Zealie Moon. From a judgment for defendant, plaintiff appeals. Affirmed.

L. B. Rainey, of Gadsden, for appellant.

The court erred in overruling plaintiff's motion to set aside the judgment and grant a new trial. Downs v. Bailey, 135 Ala. 331, 33 So. 151; McCall v. Doe, 17 Ala. 533; Eakin v. Brewer, 60 Ala. 579; Mfg. Co. v. Gibson, 62 Ala. 369; Higdon v. Kennemer, 120 Ala.

193, 24 So. 439; Butler v. Thweatt, 119 Ala. 325, 24 So. 545.

Hood & Murphree, of Gadsden, for appellee.

The trial court had the advantage .of hearing the witnesses testify before him and also of a personal inspection of the premises. His finding of facts should not be disturbed.

ANDERSON, C. J. [1] There are three assignments of error, but the first two are merely repeated in brief for appellant, and this does not amount to such an insistence or argument as to require the consideration of same. Western Union Co. v. Benson, 159 Ala. 273, 48 So. 712; 5 Mayfield Digest, p. 32, § 32.

[2] The third assignment of error relates to the refusal of the trial court to grant a new trial. The case was tried by the court without a jury, and the evidence was ore tenus and the conclusion reached was like unto the verdict of a jury, and will not be disturbed by this court, unless plainly contrary to the great weight of the evidence. The evidence was in sharp conflict as to where the line was between the parties and as to whether the defendant's possession extended beyond the line. Moreover, it was agreed that the trial judge make an inspection of the premises which was done.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.