<hr/>

(116 So. 745)

### BERMAN v. LANDER REALTY CO.
### (6 Div. 942.)

Supreme Court of Alabama. June 7, 1928.

Brokers ⬤➡86(5)—Evidence held to support finding that purchaser procured by broker was financially able to make first payment, as respects right to commission.

In action by real estate broker against owner for commission for procuring a purchaser ready, able, and willing to purchase, evidence *held* sufficient to warrant finding that purchaser procured by plaintiff was financially able to make the first cash payment.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action to recover real estate broker's commission by the Lander Realty Company against Mrs. B. Berman. From a judgment for plaintiff, defendant appeals. Affirmed.

Ewing, Trawick & Clark, of Birmingham, for appellant.

The burden was on the plaintiff to reasonably satisfy the court that it had produced a purchaser who was able to purchase on the terms prescribed by the principal. Cook v. Forst, 116 Ala. 395, 22 So. 540; Schnitzer v. Price, 122 App. Div. 409, 106 N. Y. S. 767; Harmon v. Enright, 107 Mo. App. 560, 81 S. W. 1180; McGinn v. Garber, 125 Iowa 533, 101 N. W. 279; Harris v. Leise, 29 S. D. 140, 135 N. W. 687.

<hr/>

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jacobs & Carmack, of Birmingham, for appellee.

Agreement on the part of the seller to accept a particular person as buyer constitutes a waiver of further proof of the ability of that person to perform. Handley v. Shaffer, 177 Ala. 636, 59 So. 286; De Briere v. Yeend Bros., 204 Ala. 647, 86 So. 528; Refusal by the seller, on the ground that she had changed her mind, estopped her to assert inability of the buyer to perform. 9 C. J. 599; Hotchkiss v. Kuchler, 86 App. Div. 265, 83 N. Y. S. 710. The finding by the judge without a jury will not be disturbed. Pinckard v. Cassels, 195 Ala. 353, 70 So. 153.

BROWN, J. This is an action by a real estate broker against the property owner for services rendered in procuring a purchaser who was ready, willing, and able to purchase.

The plaintiff's contention was that the defendant listed the property in question for sale, first at a price of $30,000, and subsequently agreed to accept $25,000, net to her $6,000 cash, and the balance in annual installments with interest at 6 per cent.; that it found such purchaser in one Stobert, who signed a contract to purchase on the terms specified and gave his check on the First National Bank of Birmingham for $1,000 as earnest money, and, when this contract and check were tendered to the defendant for acceptance, she refused to sell, according to plaintiff's testimony, because she had changed her mind, and demanded a greater price.

The defendant's contention, on the other hand, was that she did not list the property with the plaintiff, nor authorize it to procure a purchaser therefor.

The trial was before the court without the intervention of a jury, and the testimony was given ore tenus and is in sharp conflict.

The sole contention here is that the plaintiff failed to meet and carry the burden of proof requiring it to show that Stobert was able to make the cash payment of $6,000.

The evidence pertinent to this question tended to show that Stobert had money in the bank sufficient to pay the thousand dollar check; that he was in good financial circumstances, and was a customer of the First National Bank of Birmingham; that he and his wife carried a joint deposit account at that bank on which both were privileged to check; that he had in the past secured loans from the bank, more than the amount required for the cash payment; and that he had recently sold property in Birmingham for $90,000. We are of opinion that this evidence afforded a basis for the finding that he was able to make the payment, if the defendant had accepted his proposition as presented through the plaintiff.

Under the rules applicable to such appeals as this, we do not feel warranted in disturbing the judgment of the trial court. Howell v. Moon, ante, p. 421, 116 So. 518.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.