103 So.2d 748

### LEDBETTER–JOHNSON COMPANY

v.

### W. G. HAWKINS.

7 Div. 283.

Supreme Court of Alabama.

April 10, 1958.

Rehearing Denied June 5, 1958.

Scott, Dawson & Scott, Fort Payne, for appellant.

,Max J. Howard and W. M. Beck, Fort Payne, for appellee.

MERRILL, Justice.

This case was originally assigned to a former member of this court and was reassigned to the writer on March 26, 1958.

Plaintiff Hawkins, appellee here, recovered a judgment against appellant for damages to his dwelling resulting from blasting operations in a chert pit near his home, which were conducted by appellant or its subcontractor in connection with its contract with the City of Fort Payne to grade, chert and pave certain streets. After a motion for a new trial was overruled, this appeal was taken.

The trial court submitted the case to the jury on two negligence counts. Count E charged that "an agent, servant or employee of the defendant, while acting in the line and scope of his authority, negligently set off or exploded a large charge of dynamite or other explosive near the dwelling house of the plaintiff" etc. Count F charged that

"defendant, its agents, servants or employees, while acting within the scope of their employment," failed to handle the explosives as was their duty and negligently set off the explosion. Demurrer to these counts being overruled, appellant pleaded the general issue, an accord and satisfaction, and thirdly, that the acts complained of were done by an independent contractor for whose acts appellant would not be liable.

Appellee joined issue on the plea of accord and satisfaction and in replication to the independent contractor plea said that appellant ought not to prevail under said plea because the contract between appellant and the alleged independent contractor required the use of inherently dangerous explosives and such fact was known to appellant. Appellee further alleged that appellant was estopped from denying that the subcontractor was its agent in the performance of his work because the contract between appellant and City of Fort Payne provided that any subcontractor would be considered as an agent of appellant.

▪ The minute entry shows that the demurrer to the replication was overruled. Based on the bench notes, it is very probable that there was never a ruling on this demurrer, but we are bound by the judgment entry. Briggs v. Tennessee Coal, Iron & R. Co., 175 Ala. 130, 57 So. 882; Frank v. Johnson, 261 Ala. 642, 75 So.2d 153.

A few rules in blasting cases are stated as applicable to the questions here.

▪ It is settled in this state that one who has work done which is intrinsically dangerous cannot avoid responsibility in its execution by letting or subletting the work to an independent contractor; and whether the blasting, which caused the damage, is intrinsically dangerous has been held to be a question for the jury. Wright-Nave Contracting Co. v. Alabama Fuel & Iron Co., 211 Ala. 89, 99 So. 728. See J. C. Carland & Co. v. Burke, 197 Ala. 435, 73 So. 10.

▪ A principal is liable for the acts of an independent contractor employed by him where the work to be done is intrinsically dangerous, however skillfully performed. Montgomery St. Ry. Co. v. Smith, 146 Ala. 316, 39 So. 757.

In Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 630, 12 L.R.A.,N.S., 389, the court said:

"* * * 'The rule deducible from the decisions seems to be that where a person, lawfully engaged in blasting upon his own land, so conducts the work as to cause damage to adjoining property, in a way in itself unlawful, as where there has been a direct trespass upon the premises injured, by casting soil or rocks thereon, the liability of the person causing the injury is absolute.' 12 Am. & Eng. Ency. Law, 508; Central Iron & Coal Co. v. Vanderheurk, 147 Ala. 546, 41 So. 145, 6 L.R.A.,N.S., 570; 19 Cyc. 7. It is also stated to be the law that, while one who blasts in a thickly settled city acts at his peril, yet 'ordinarily, when for the purpose of lawfully making use of or improving land it becomes necessary to resort to blasting as the only practicable method of doing so, the owner will not be liable for consequential damages to neighboring property, unless he has failed to exercise due care in the performance of the work.' 12 Am. & Eng. Ency.Law, 509. * * * We think that, according to the best-considered decisions, the rule is that if one, in blasting upon his own lands, invades the premises of his neighbor, by throwing stones and debris thereon, he is liable for the resulting injury, but for any other injury, such as may result from the mere concussion of the atmosphere, sound, or otherwise, there is no liability, unless it is shown that the work was done negligently and that the injury was the result of negligence, and not the result of blasting according to the usual methods and with reasonable care. 19 Cyc. 7, 8; Booth v. Rome, W. & O. T. R. Co., 140 N.Y. 267, 273, 278, 35 N.E. 592, 24 L.R.A. 105, 37 Am.St.

Rep. 552; French v. Vix, 143 N.Y. 90, 37 N.E. 612; Simon v. Henry, 62 N.J.L. 486, 41 A. 692; Benner v. Atlantic Dredging Co., 134 N.Y. 156, 31 N.E. 328, 17 L.R.A. 220, 30 Am.St.Rep. 649–654."

The appellee's evidence was that he had previously complained to appellant's vice president about the effects of the blasting in the chert pit which was a short distance from his home. Later, the heavy blast complained of here shook appellee's house causing the rock veneer, the foundation and the chimney to crack, the doors to warp, the floors to buck and stones and debris to be thrown upon his property. Other homes in the vicinity were damaged by the blast.

There was evidence that appellant selected the chert pit to be used, leased it from the owner, directed its subcontractor to use that pit, paid for all the chert removed and directed where the chert should be placed on the streets.

■ There was evidence of the vibratory effect of the explosion upon other buildings in the neighborhood more distant from the pit than appellee's. This evidence was admissible to show the character and extent of the explosion. Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547; Louisville & Nashville R. Co. v. Lynne, 199 Ala. 631, 75 So. 14.

■ Applying the rules stated to this evidence, we conclude that a jury question was presented and the affirmative charge for appellant was correctly refused.

Appellant argues that no action was taken as to Counts 1 and 2 and the trial court erred in submitting the case to the jury only on Counts E and F. The error, if any, was rendered harmless. As stated in Northern Alabama Ry. Co. v. Foster, Creighton, Gould Co., 200 Ala. 621, 76 So. 979:

"There were two counts in the complaint; but the court, in its oral charge, affirmatively excluded the first count from the consideration of the jury. This precluded any possible error prejudicial to the defendant in overruling the demurrer to the first count. The count's sufficiency is therefore not considered. * * *"

■ Three assignments allege error in the admission in evidence of the contract between the City of Fort Payne and appellant. When objection was made that it was irrelevant, incompetent and immaterial, and that it was not limited, the court stated that the contract was limited "to the general relations between and with reference to the alleged contract and subcontract, but it is not admissible for the purpose of this defendant, or any one, escaping liability, or shifting liability, to the other party to the contract, about which I will give you further instructions." Certainly the contract was admissible to show the relationship of the City of Fort Payne with the appellant and the subcontractor who appellant contended was an independent contractor. General objections to evidence are without weight on appeal if the evidence is admissible for any purpose. Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259; Circuit Court Rule 33, Code 1940, Tit. 7 Appendix; 2 Ala.Dig., Appeal & Error, ☞231(3). The other objection is without merit because the court did limit the evidence and no prejudicial error appears.

■ Assignments of error 21, 22, 23 and 24 allege error in the sustaining of objections to four hypothetical questions asked two experts on explosives. The trial court sustained objections on the ground that the answers to the questions would invade the province of the jury as to a material issue in the case. They were also objectionable because they contained elements of facts not shown by the evidence. Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378; 9 Ala.Dig., Evidence, ☞553(4).

■ Assignment of error 27 charges error in that appellee's counsel had argued

to the jury that "if they would render a big judgment against them, when they came back hereafter, they wouldn't let the contract out, but they would do the work." But the record shows that the court sustained the objection, saying, "I sustain the objection. As to what they do in the future, I sustain the objection to that." That is the entire record as to that ruling. The court did all it was asked to do and will not be placed in error for failing to do more. Morris v. Crumpton, 259 Ala. 565, 67 So.2d 800, 39 A.L.R.2d 58; 18A Ala. Dig., Trial, ⟳133(3). The exception to the general rule, that is where the argument is so grossly improper and highly prejudicial that its sinister influence cannot be destroyed by action by the trial court, McLemore v. International Union, etc., 264 Ala. 538, 88 So.2d 170, has no application here.

■ Other assignments of error relating to refused charges are not adequately argued. For example, assignment of error 38 reads: "The Court erred in refusing Charge 8, as requested by the Defendant in writing before the jury retired to consider its verdict and during the trial of said cause." The reference in argument is: "The appellant insists that the Court erred in refusing Charge No. 8 shown on page 185 of the Record, and Assignment No. 38." This constitutes mere repetition of assignments of error and does not amount to such an insistence or argument as to require the consideration of same. Howell v. Moon, 217 Ala. 421, 116 So. 518.

Lastly, it is argued that the motion for a new trial was improperly overruled because the verdict was contrary to the law and the evidence. In view of what has already been said, it is obvious that the motion was properly overruled.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.

## On Rehearing

### PER CURIAM.

Appellant argues in its application for rehearing that there was no question for the jury because all the evidence showed that the blasting was a safe operation and there was no conflict in the testimony in this regard.

■ We think the quoted testimony of E. J. Ladd, the city engineer, sufficiently shows that a jury question was presented on the question of negligence. Ladd was called as a witness for appellee. At the conclusion of his cross examination, the following occurred:

"Q. Now, then, I will ask you, based on the knowledge that you have of that particular chert pit and your knowledge and experience you have had in this kind of work, if it is not your opinion that chert can be shot down in this pit up here by using dynamite or other explosives without there being anything dangerous about it, if it is properly done?"

(Plaintiff's objection overruled.)

"A. Yes, sir, it can be done.

"Q. If any damage was done to any one's property in the obtaining of chert from this pit by the use of dynamite, or other explosives, it would be because it was not being done properly, was done in a negligent manner?

"A. Yes, sir, that is true.

"Q. That is the only way anyone's property could be damaged?

"A. Yes, sir.

"Re-Direct Examination

"Q. If an explosion was set off in the chert pit that jarred windows out of a house around it, and it shook houses, and it shook houses, and cracked rock houses around the pit, would that be an indication that the charge was in excess, or negligently exploded?

"A. It was an indication that it was improperly done.

"Q. It would indicate that it was improperly done, wouldn't it?

"A. Yes, sir."

Application for rehearing denied.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.