# Carrollton Short Line Ry Co. *v*. Lipsey.

*Action for Damages for Injury to Stock.*

(Decided April 7, 1907.   43 South. 836.)

1. *Railroads Cattle Guards Sufficiency.*—A cattle guard should be so constructed, under ordinary circumstances that its appearance of danger will be such as to prevent cattle from attempting to cross over it; and the use of a cattle guard dangerous for the passing of cattle constitutes negligence and a guard so made as to invite stock to enter upon it under ordinary circumstances is such negligence for which recovery may be had for injuries to cattle proximately resulting therefrom.

2. *Same; Injuries to Cattle; Jury Question.*—Whether the cattle guard was inviting to the class of animals which it sought to restrain, and whether or not it was dangerous to such class of animals is generally and necessarily a question for the jury.

APPEAL from Pickens Circuit Court.

Heard before S. H. SPROTT.

Action by Thomas S. Lipsey against the Carrollton Short Line Railway Company for damages to a horse, caused by going upon a dangerous cattle guard. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

FOSTER, OLIVER, COX & COX for appellant.—A declaration that an injury was caused by the insufficiency of a cattle guard is demurrable for failing to state the particulars in which it was insufficient.—41 Cent. Dig. § 1561; 1 Rapalje & Macks Dig. of Law, § 348. The defendant violated no duty to plaintiff in constructing a stop gap that would be dangerous for live stock to go upon.—*Bir. Min. R. R. Co. v. Parsons*, 100 Ala. 662. As to the measure of damages see, *Southern Ry. Co. v. Gilmer, et al.*, 39 South. 265. A railroad fulfills its duty when it adopts such appliances as are used on prudently conducted roads.—*Bivins Case*, 103 Ala. 147; *Prompt's Case*, 83 Ala. 518; *Wilson's Case*, 85 Ala. 272.

CURRY & ROBINSON, for appellee.—The complaint is sufficient in its allegations.—*A. G. S. R. R. Co. v. Crocker*, 131 Ala. 585; *Cleghorne v. Western Ry. of Alabama*, 134 Ala. 601; *Eleyton Land Co. v. Mingea*, 89 Ala. 521. The case of the *Southern Ry. Co. v. Gilmer*, is not applicable on the measure of damages in this case. The case of *Montgomery St. Ry. Co. v. Hastings*, 138 Ala. 432, is directly in point on that question.

McCLELLAN, J.—The horse of appellee, plaintiff below, was injured in going upon a cattle gap, or cattle guard, constructed and maintained by appellant as a part of its line of railway. The complaint contains three counts, all averring that the gap or guard was "wholly defective" as such, and was "wholly defective for the purpose for which it was erected," and was dangerous to stock going upon or over it. The second and third counts go further, and allege that it was so constructed as to be inviting to stock; the third asserting the particular in which it was dangerous. There were demurrers attacking the counts separately for their failure to aver the particulars in which the gap or guard was negligently constructed. The court overruled them, and this action is assigned as error.

The first count lays the negligence charged upon the dangerousness of the gap, without pointing out, other than by averment of general defectiveness, the respect

[Carrollton Short Line Ry. Co. v. Lipsey.]

in which it was dangerous. A railroad cattle gap or guard is a contrivance to restrain cattle. In a sense it is a fence, but the construction of the gap or guard itself (without reference to its wing fences) is not limited in its dangerous quality as is a fence. To be at all effective and serviceable, it cannot be a barrier erected perpendicular to the surface of the ground, and rising above it. It must, to answer the purpose in view, be so constructed as that its appearance of dangerousness will, under ordinary circumstances, deter cattle from attempting to pass over it; and, in so ordering the gap or guard, a really dangerous contrivance may be properly installed without, in the event of injury to cattle attempting to cross it, rendering the railway company liable, if the fact of its want of safety for that purpose is the proximate cause of the injury. In other words, the use of a cattle gap or guard, dangerous for the passage of cattle over it, will not alone constitute negligence; and this, because there is no duty upon the company to construct the gap or guard in a way safe for the passage of cattle over it. The converse is the reason for its existence. So, the gravamen of the first count being the dangerousness of the gap for cattle going over or upon it, it results that the demurrers, raising the objections discussed above, should have been sustained.

A fair interpretation of the second and third counts is that the imperfection attributed to the guard or gap was its invitatory character to cattle and to a place of danger. We do not understand the pleader to base his charge of negligence in these counts upon the dangerous character alone of the gap or guard, but upon what, in effect, he alleges to have been a trap or snare. This is a very different matter from that set out in the first count. As said before, the only way to conserve the purpose of a gap or guard is to so construct it as, from its reasonable appearance of dangerousness, cattle will be deterred, under ordinary circumstances, from going upon it. To use, as for a gap or guard, a contrivance so made as to invite stock, under ordinary circumstances ,to enter upon it, would, beyond doubt, be an act of negligence, for an injury proximately resulting

from which a recovery could be had. For instance, if a gap or guard, otherwise sufficient for and adapted to the purpose, was permitted to become so obscured by growth of grass as that a horse, under ordinary circumstances, could not reasonably be expected to see the danger of going upon it, and an injury proximately results from the entry of a horse, under such circumstances, upon the gap or guard, liability would be established. The same principle is applicable where the guard is, in the first instance, so improperly constructed as to lead to the same result. What, in fact, would be a guard or gap inviting to a class of animals sought thereby to be restrained must of necessity and generally be a question for the jury's determination, in the light of their common knowledge and the evidence adduced on the trial. The demurrers interposed to these counts were, we think, properly overruled.

These counts aver the negligence causing the injury to be that of a wholly defective guard, defective also for the purpose for which erected, and its invitatory character to a place of danger. They certainly state a cause of action, and the sufficiency of the averments will be sustained under the authority of *Ga. Pac. R. R. v. Davis,* 92 Ala. 306, 307, 9 South. 252, 25 Am. St. Rep. 47, which has been recently reaffirmed in *K. C., M. & B. R. R. v. Flippo,* 138 Ala. 487, 35 South. 457. Under our system of pleading very general averments of negligence will suffice. It may be noted that the counts first above considered do not aver that the negligence complained of was the proximate cause of the injury; but there is no demurrer pointing out that defect.

The rule for the measure of recovery for injuries to animals, and the method of ascertaining the value thereof, is clearly stated in the case of *Sou. Ry. Co. v. Gilmer,* 143 Ala. 490, 39 South. 265.

The general affirmative charge for the plaintiff should not have been given. In the first place, it should have been left open to the jury to find that the guard was not inviting to stock, which issue this charge took away from them. Secondly, the sufficiency of the guard was an issue of fact for their exclusive determination.

For the errors indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TSON, C. J., and DOWDELL and ANDERSON, JJ., concur.