(92 South. 487)

### LAWLER et al. v. SOUTHERN RY. CO.
(8 Div. 439.)

(Supreme Court of Alabama. April 6, 1922.)

**Railroads ⊜⟶439(3)—Count for injury to mule from defective cattle gap held sufficient.**

In view of duty imposed on railroad by Code 1907, § 5513, to construct and maintain cattle guards on demand of owner of land through which road passes, count of complaint alleging injury to mule by getting foot caught between strips of cattle guard in attempting to cross it *held* to state cause of action.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by B. F. and K. T. Lawler against the Southern Railway Company for damages for injury to a mule in a stock gap. From a judgment of nonsuit, after the sustaining of demurrers to the complaint, plaintiffs appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The following is count 2 of the complaint:

On or about December 5, 1918, plaintiff was the owner and in possession of a tract of land in section twenty-nine (29), township three (3), range one (1) east, in Madison county, Alabama, and the track of said railroad on which it ran trains crossed said lands owned by said plaintiff. That on the line of plaintiff's said land the defendant erected and maintained a cattle guard or stock gap. That said cattle guard or stock gap was so constructed that the stock or cattle, in attempting to cross same, would get hung or caught between the strips out of which the said stock guard or gap was constructed, and thereby kill or injure themselves. That on or about December 5, 1918, a mule, the property of plaintiff, in attempting to go out from plaintiff's land, started or attempted to cross said cattle guard or stock gap, and one of his feet slipped or went through two of the strips of said cattle guard, thereby injuring said mule to such an extent that he was of no value and had to be killed. Plaintiff avers that the injury and death of said mule was caused by the defendant negligently maintaining or allowing said cattle guard or stock gap to remain in such condition, with notice or knowledge that live stock would cross or attempt to cross same and thereby be injured.

Counts 3 and 4 sufficiently appear from the opinion of the court.

The demurrers raise the point that the complaint states no cause of action; that it does not appear that there was any defect in any cattle guard, or that said cattle guard was negligently constructed, or in what manner it was negligently maintained, or that it was erected or maintained by the defendant; and that it affirmatively appears that said cattle guard was erected and maintained as required by law.

Douglass Taylor, of Huntsville, for appellants.

Where a statute imposes a duty on a railroad company to erect cattle guards or stop gaps, the railroad is liable for any violation of this duty. 158 Ala. 607, 48 South. 73; 163 Ala. 84, 50 South. 235; (Tex. Civ. App.) 120 S. W. 947; 122 S. W. 587; 185 Mo. App. 425, 170 S. W. 923.

Cooper & Cooper, of Huntsville, for appellee.

The contention of appellant is thoroughly disposed of against him in the following case and the authorities there cited: 150 Ala: 570, 43 South. 836.

THOMAS, J. The complaint being amended by adding counts 2, 3, and 4, a demurrer being sustained to said counts, plaintiff withdrew count 1, declined to amend counts 2, 3, and 4, and took a nonsuit on account of the adverse ruling of the court in sustaining demurrer to said counts. It was the judgment of the court that plaintiff was nonsuited, and defendant was permitted to go hence and have and recover of plaintiff the costs in that behalf expended. Paterson & Edey Lbr. Co. v. Bank of Mobile, 203 Ala. 536, 84 South. 721, 10 A. L. R. 1037.

The fourth count was, by the adoption of count 3 and addition thereto, as follows:

"That plaintiff demanded of the defendant that it construct a stock gap at the place where said mule was injured, and before said mule was injured; that a reasonable time elapsed after said demand, and that defendant failed before the damage here complained of to construct a gap or guard that would not injure said stock as aforesaid."

Said fourth count was not subject to any of the grounds of demurrer directed thereto. Its essential averments were (in count 3) of plaintiff's ownership and possession of the lands; that defendant operated the railroad and track on which it ran trains across said lands, and erected and maintained a cattle guard or stock gap, which was negligently constructed and maintained, in such wise that stock or cattle, in attempting to cross, would "get hung or caught between the strips out of which said stock guard or gap was constructed, and thereby injured or killed"; that on the date indicated plaintiff's mule, in attempting to go from said land across said cattle guard or gap, caught one of his feet between the strips of which same was constructed, injuring said mule to such extent that it died; that said injuries and death were caused by defendant's negligence in construction and maintenance, with knowledge or notice of its condition, and that live stock attempting to cross the same would thereby be injured; that within a reasonable time before the injury of said mule plaintiff had demanded of defendant that it construct a cattle guard or gap at the place the mule was injured, and defendant had failed before the damage complained of "to construct a gap or guard that would not injure said stock as aforesaid." For reasons stated in Carrollton Short Line v. Lipsey, 150 Ala. 570, 43 South. 836, there was no error in sustaining demurrer to counts 2 and 3.

When the statute imposes a duty on a railroad company, operating trains or engines over its lines, to erect and maintain cattle guards or gaps thereon, there is liability for a failure or violation of statutory duty pertaining thereto. Code, § 5513; Atl. & St. A. B. Ry. Co. v. Fowler, 192 Ala. 373, 68 South. 283; Central of Ga. v. Carroll, 163 Ala. 84, 50 South. 235; A. & B. A. L. Ry. Co. v. Brown, 158 Ala. 607, 48 South. 73; Ex parte Hines, 205 Ala. 17, 87 South. 691. Many authorities are collected in 9 L. R. A. (N. S.) 340. The cases of injury to live stock at culverts or trestles or stock gaps, not required by statute to be constructed and maintained by the railroad company, are made the subject of M. & C. R. Co. v. Lyon, 62 Ala. 71, and St. L. & S. F. v. Douglass, 152 Ala. 197, 44 South. 677, and have no application to the facts exhibited in count 4 of the instant pleading, under a statute given application before the date of the alleged injury (December 5, 1918). It will not be held that the Legislature intended, in the enactment of Code, § 5513, to authorize railroad companies, when required to construct and maintain cattle guards or gaps, so to discharge this statutory duty as to kill the live stock sought to be restrained or such stock as may attempt to cross thereat. Ex parte Hines, supra.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.