(96 South. 256)

DAVIS, Director General of Railroads, v. LAWLER et al. (8 Div. 553.)

(Supreme Court of Alabama. April 26, 1923.)

1. Railroads ⊙—103(5)—Cattle guard not negligently constructed though unsafe for cattle to pass over it.

A cattle guard, required under Code 1907, § 5513, is not negligently constructed if dangerous for cattle to pass over it; hence evidence that a cattle guard was dangerous to stock if they attempted to pass over it does not support a charge of negligent construction of or negligent failure to erect a guard.

2. Railroads ⊙—104(1) — Evidence of demand for cattle guard held inadmissible.

In action against railroad company for negligent failure to erect a proper cattle guard, testimony of plaintiff that he demanded of defendant's agent that he put in a stock gap, and that he notified agent that the existing guard was dangerous, was inadmissible; for it was not a proper demand under Code 1907, § 5513, not being in writing, and, if not made pursuant to statute, was irrelevant and hearsay evidence.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by B. F. and K. T. Lawler against James C. Davis, as Director General of Railroads. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Cooper & Cooper, of Huntsville, for appellant.

A demand for a cattle guard must be in writing, and a necessity must be shown therefor. Code 1907, § 5513. Defendant was due the affirmative charge. Carrollton Short Line v. Lipsey, 150 Ala. 570, 43 South. 836.

Douglass Taylor, of Huntsville, for appellees.

No brief reached the Reporter.

SOMERVILLE, J. The defendant placed a cattle guard of the ordinary type on its railroad track abutting on plaintiff's land. Plaintiff's mule attempted to pass over the guard and one of his feet slipped and went down between two of the strips, and in trying to extricate his foot he pulled up a section of the guard, and ultimately broke his leg, and had to be killed.

On a former appeal (Lawler v. Southern Ry. Co., 207 Ala. 268, 92 South. 487) we held that counts 2 and 3 were subject to demurrer, but that count 4, on which this trial was had, was not subject to any of the grounds of demurrer interposed. A statement of this count will be found in that report.

Presumably this cattle guard was placed there by the railroad company pursuant to the provisions of Code, § 5513. Where the owner of land has proper use for a crossing over a railroad track, and shows to the company that such a guard is "necessary to prevent the depredation of stock upon his land," he may upon written demand subject the railroad company to a continuing penalty for its failure to erect the guard within a reasonable time, and to "a like penalty for failing to keep the cattle guard, or road crossing, in good repair, after written demand." Code, § 5513.

There is no question in this case of any violation by defendant of either of the duties imposed upon it by the statute.

[1] The gravamen of the complaint is apparently intended to be the maintenance by defendant of a dangerous nuisance under the guise of a cattle guard, and the particular allegation supposed to save count 4 from the demurrer is "that defendant failed [after notice to do so before the mule was injured] to construct a gap or guard that would not injure said stock as aforesaid." The exigencies of this appeal do not require a reconsideration of the sufficiency of the complaint.

In Carrollton S. L. R. Co. v. Lipsey, 150 Ala. 570, 572, 43 South. 836, 837, we said:

"A railroad cattle gap or guard is a contrivance to restrain cattle. In a sense it is a fence, but the construction of the gap or guard itself (without reference to its wing

---

⊙—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fences) is not limited in its dangerous quality as is a fence. To be at all effective and serviceable, it cannot be a barrier erected perpendicular to the surface of the ground, and rising above it. It must, to answer the purpose in view, be so constructed as that its appearance of dangerousness will, under ordinary circumstances, defer cattle from attempting to pass over it; and, in so ordering the gap or guard, a really dangerous contrivance may be properly installed without, in the event of injury to cattle attempting to cross it, rendering the railway company liable, if the fact of its want of safety for that purpose is the proximate cause of the injury. In other words, the use of a cattle gap or guard, dangerous for the passage of cattle over it, will not alone constitute negligence; and this because there is no duty upon the company to construct the gap or guard in a way safe for the passage of cattle over it. The converse is the reason for its existence. So, the gravamen of the first count being the dangerousness of the gap for cattle going over or upon it, it results that the demurrers raising the objections discussed above should have been sustained."

There is nothing in the evidence tending to show that this cattle guard was negligently or improperly constructed for the purpose it was intended to subserve, viz. to prevent the depredation of stock on plaintiff's land, nor is there anything in the pleadings presenting such an issue. Nor is there anything in the evidence tending to show that this guard, constructed after the usual manner, was a dangerous and unlawful nuisance. It was designed, as the statute authorized and intended, to prevent the passage of horses and cattle over it, and not to afford them a safe passage. But, conceding that it was dangerous to stock if they attempted to pass over it, the charge of negligent construction and of negligent failure to erect a guard, upon plaintiff's demand, that would not injure his stock, is not supported by the evidence; for, as held in the Lipsey Case, 150 Ala. 570, 43 South. 836, no such duty rests upon the railroad company.

One material allegation of the complaint is that the defendant negligently allowed this cattle guard to remain in a condition such that stock or cattle, in attempting to cross it, would get hung or caught between its strips and kill or injure themselves, and that this was done "with notice or knowledge that live stock would cross or attempt to cross same and thereby be injured."

We find nothing in the evidence to support the allegation last above quoted.

For the reasons stated, the trial judge erroneously refused to give for defendant the general affirmative charge, as duly requested.

[2] The testimony of the plaintiff B. F. Lawler that he demanded of defendant's agent that he put in a stock gap, so that his stock wouldn't get killed, and that he notified the agent that the existing guard was dangerous, should have been excluded. If that demand was intended to be made under the statute (Code, § 5513), it was wholly ineffective unless in writing; and, if not made pursuant to the statute, it was irrelevant and hearsay evidence.

If the complaint had declared as for a concealed trap, or a dangerous place, not of such appearance as to reasonably deter stock from attempting its passage, as in the Lipsey Case, supra, a different conclusion might be reached as to the effect of the evidence.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.