(107 So. 809)

## SOUTHERN RY. CO. v. POPEJOY.
### (8 Div. 856.)

(Supreme Court of Alabama. March 18, 1926.)

Railroads ⨂412(1)—Allowing grass to conceal spikes on cattle gap, thereby inviting cattle, held negligence.

If railroad company maintains stock gap, so as to invite stock to go on it by permitting grass to grow under or over it so as to obscure or conceal the spikes or signals of warning, it is negligent, and liable for injuries to stock going on or over it.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by M. E. Popejoy against the Southern Railway Company for damages to stock injured in attempting to cross a stock gap. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

L. E. Brown, of Birmingham, and Milo Moody and John K. Thompson, both of Scottsboro, for appellant.

Counsel argue for error in refusal of the affirmative charge and motion for a new trial, citing Carrollton S. L. R. Co. v. Lipsey, 43 So. 836, 150 Ala. 570; Davis v. Lawler, 96 So. 256, 209 Ala. 314; Ex parte Hines, 87 So. 691, 205 Ala. 17; Nor. Ala. R. Co. v. Foster, 76 So. 979, 200 Ala. 621.

Proctor & Snodgrass, of Scottsboro, for appellee.

The defendant was negligent in maintaining the gap in such way as to invite cattle thereon. Carrollton S. L. R. Co. v. Lipsey, 43 So. 836, 150 Ala. 570. The affirmative charge was properly refused. Penticost v. Massey, 77 So. 675, 201 Ala. 261; Tobler v. Pioneer Co., 52 So. 86, 166 Ala. 482.

ANDERSON, C. J. As we understand the complaint in this case, it proceeds, not from the erection or construction of a defective or imperfect stock gap, but for the negligent maintenance of same so as to invite stock to go upon said gap by permitting grass to grow under or over same so as to obscure or conceal the spikes or signals of warning, and, if this be true, the defendant would be guilty of negligence and liable for injuries to stock by going upon or over said gap. Carrollton R. R. v. Lipsey, 43 So. 836, 150 Ala. 570. It was a question for the jury as to whether or not there was a sufficient growth of grass at this point to conceal the danger and in effect invite stock to go upon said gap; therefore the general charge was properly refused the defendant. Nor are we persuaded that the verdict was so contrary to the great weight of evidence as to put the trial court in error for overruling the motion for a new trial.

The cases of Davis v. Lawler, 96 So. 256, 209 Ala. 314, Ex Parte Hines, 87 So. 691, 205 Ala. 17, and Northern Alabama R. R. v. Foster, 76 So. 979, 200 Ala. 621, cited by counsel for appellant, are in no sense opposed to the present holding.

---

⨂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.