(130 So. 318)

**ALABAMA GREAT SOUTHERN R. CO. v.
CLARK.**

6 Div. 569.

Supreme Court of Alabama.
Oct. 16, 1930.

Livingston & Livingston, of Tuscaloosa, for appellant.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellee.

THOMAS, J.

The suit for damages to stock by common carrier originated in the justice court, appealed to the circuit court, and has enjoyed a delay for about four years.

The assignments of error are properly grouped in argument of counsel.

■■ It may be said of cattle guards that, when constructed, they should have, under ordinary circumstances and to ordinary stock, the appearance of dangerousness, and should not be such as to invite ordinary stock, mules, horses, or other cattle thereon. Carrollton Short Line Ry. Co. v. Lipsey, 150 Ala. 570, 43 So. 836; Southern Ry. Co. v. Popejoy, 214 Ala. 272, 107 So. 809; Hines, Director General, v. McMillan, 205 Ala. 17, 87 So. 691. The question whether the guard was inviting to the class of animals sought to be restrained and was dangerous thereto is generally and necessarily for the decision of the jury. Southern Ry. Co. v. Popejoy; Carrollton Short Line Ry. Co. v. Lipsey, supra. We have carefully examined the evidence and the questions of fact were for the jury.

■ Several assignments of error, that counts of the complaint (as for example cited by appellant, count 11) unite two or more causes of action, we do not so find after a careful consideration of said pleadings. The counts were no doubt drawn under Carrollton Short Line Ry. Co. v. Lipsey, supra, where it was alleged that the stock gap or cattle guard was dangerous and was so constructed as to be inviting to ordinary stock; that is, rested on the charge of negligence and that it amounted to a trap or snare to ordinary stock of the class indicated. The count is likewise sufficiently specific as to defendant's failure of duty in the premises and its actionable negligence causing the injury to plaintiff's stock. Under our system of pleading, very general averments of negligence little short of mere conclusions will suffice. They state a cause of action. Georgia Pacific R. R. v. Davis, 92 Ala. 306, 9 So. 252, 25 Am. St. Rep. 47; Kansas City, M. & B. R. R. v. Flippo, 138 Ala. 487, 35 So. 457; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933. We find no error in overruling demurrer to said pleading.

■■ Assignments of error, as affecting the evidence or introduction thereof, not sufficiently argued, will not be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. We may say of the evidence, there was no error in the question: "Ever see anybody else's mules and cattle cross that stock gap and prior to June 1925?" And the answer, "Yes sir," was also free from error. It tended to show the condition of that stock gap as to ordinary stock generally of the class indicated at the time, place, and condition in question. This inquiry followed that of, "Did any of your stock ever cross that stock gap in May or June 1925?" to which affirmative reply was made. And the inquiry was directed to a disinterested witness and as to animals of the same class generally, but differ-

ent individuals of that class. This was the proper inquiry under the case of Hines, Director General, v. McMillan, supra.

 When the oral charge is considered as a whole, there was no error in instructing the jury. The part to which exception was taken, viz., "The plaintiff claims, Gentlemen of the Jury, that this cattle gap was so negligently constructed or maintained as to invite mules, these mules in question, to cross over it and that as a proximate cause of the negligent construction and maintenance of this cattle guard these mules entered across the guard and were injured, and that their injury was the proximate cause of the negligence and the negligent manner in which the cattle guard was constructed or maintained," was *merely giving to the jury one phase of plaintiff's pleading.* It was not an instruction that ignored the general rule of sufficiency of cattle guards—that *cattle guards should be reasonably sufficient.* That is, a *railroad is not required to construct cattle guards with a view to restrain any particular individual of the species;* its duty being only to construct and maintain such a cattle guard or obstruction as to be reasonably sufficient to restrain ordinary stock including mules in general, and not be maintained in such condition as to attract them. Hines, Director General, v. McMillan, 205 Ala. 17, 87 So. 691.

 The general instruction given the jury was in the light of the evidence, and did not take from the jury the question of in what capacity the agent of defendant acted and whether negligently done, when he drove the mules from the inclosure across the cattle guard where they were injured. We find no reversible error.

There was no error in overruling the motion for a new trial within the rule that obtains in such matter.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.