SOUTHERN RY. CO. *v.* MORRELL.

(*Nashville,* December Term, 1935.)

Opinion filed January 13, 1936.

Burrow & Burrow, of Bristol, and Seiler & Hunter, of Elizabethton, for plaintiff in error.

Allen & Allen, of Elizabethton, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

The parties are designated as in the trial court.

In an action of damages commenced before a justice of the peace and upon appeal, plaintiff was awarded a recovery in the circuit court. The judgment was affirmed by the Court of Appeals, and the cause is here upon the defendant's petition for review upon *certiorari.*

The appeal involves the question of whether the defendant is liable to plaintiff for the loss of a horse which died as the result of injuries received in passing over a steel cattle guard. The cause of action stated in the warrant is "that by reason of defendant's failure to maintain a good and sufficient cattle guard plaintiff's young horse attempted to cross the guard and because of its defective, unsuitable, unlawful and dangerous condition, the feet of the horse were cut by the sharp protruding spikes of the guard which inflicted wounds from

which the horse sickened and died.'' The cattle guard upon which plaintiff's horse was injured was placed at a point where the defendant's railroad track entered the field or inclosure of plaintiff, in conformity with section 2662 of the Code.

The damages referred to in section 2664 of the Code are for loss suffered by landowners whose crops are injured by trespassing animals that pass into the inclosure over an insufficient cattle guard. *Louisville & N. Railroad Co.* v. *Timmons*, 116 Tenn., 29, 91 S. W., 1116. The statute does not relate to damages for injury to trespassing animals or injury animals received in an attempt to pass over cattle guards.

Plaintiff's action is not referable to any statute. It must rest, if at all, upon the common law, under which the right of recovery for injury to plaintiff's horse would depend upon proof of negligence resulting in the alleged loss.

If the cattle guard on which the horse was injured was such as is in general use and was situated and maintained as required by and in conformity with the statute, the mere fact that it was calculated to and did injure an animal that attempted to walk over it would not support a charge of negligence.

No particular form of appliance is prescribed by our statute. Obviously the guards required would have to be so constructed that animals could not pass over them with safety. Otherwise the very purpose of the requirement would be defeated.

There is no evidence that the guard on which the horse was injured was unlike those in common use throughout the country. And it was shown by proof that guards

of like character with the one involved were approved by the Virginia State Corporation Commission as being up to the latest standard of the art.

Plaintiff contended that a pit guard would have been more effective and less dangerous to animals, but the undisputed evidence is that the pit guards were long ago abandoned because of the great danger of spreading rails caused by heavy trains running over the open space. Moreover, there are decisions in some of the states holding the pit guard ineffective.

The undisputed evidence is that the plaintiff's horse tried to ease across the cattle guard and his feet were cut by the protruding spikes on the guard. There is no evidence to indicate that the particular guard was not in good repair and properly located, and no evidence that it was situated so as to lure or invite animals to attempt passing over it. There is no evidence that the guard was out of repair or that grass had overspread it so as to conceal the menacing spikes from intruding animals. In the absence of some such showing, the defendant could not be held responsible for the loss of plaintiff's horse.

As said in *Harsch v. Chicago, Rock Island & Pacific Railway Co.,* 211 Iowa, 1377, 232 N. W., 144, 75 A. L. R., 932, in the present state of knowledge and invention no cattle guard could be made effective without presenting a menace of danger to encroaching animals; and in *Carrollton Short Line Railway Co. v. Lipsey,* 150 Ala., 570, 43 So. 836, it was said use of a cattle guard dangerous for the passage of livestock will not of itself constitute negligence, inasmuch as there is no duty upon the railroad to construct the guard so as to render it

safe for the passage of animals; and in *Davis* v. *Lawler,* 209 Ala., 314, 96 So., 256, that a cattle guard constructed after the usual manner and designed to prevent the passage of animals over it does not support a charge of negligent construction although it be conceded that it was dangerous for stock to walk upon it.

The plaintiff's right of recovery would be dependent upon a showing that the railroad in the discharge of its statutory duty of putting in the cattle guard committed some act of negligence which resulted in the injury. There is no evidence of negligence and the trial judge should have directed a verdict.

Reversed and dismissed.

Davis, J., did not participate.