223 So.2d 294

## LOUISVILLE & NASHVILLE RAILROAD COMPANY

v.

## L. Y. SADLER.

### 2 Div. 217.

Court of Appeals of Alabama.

May 20, 1969.

Reeves & Stewart, Selma, and Steiner, Crum & Baker, Montgomery, for appellant.

L. Y. Sadler, Jr., Camden, for appellee.

PRICE, Presiding Judge.

Appellee sued appellant to recover damages for the death of his cow, alleged to have been killed by one of appellant's trains. There was verdict and judgment for the plaintiff in the sum of $145.00. Defendant appeals.

The cause was tried upon Count 2 of the complaint, the gravamen of which is that the cow was killed by the failure of the defendant to erect and maintain fences along its right-of-way through plaintiff's lands in Wilcox County.

The plaintiff testified he is the owner of pasture lands in Wilcox County through which the L. & N. Railroad Company has a right-of-way and track; that he operates a cattle farm on said lands and was operating such farm on December 14 or 15, 1965.

The plaintiff introduced in evidence an order of the Public Service Commission dated March 1, 1955, pursuant to Sections 183 and 184 of Title 48, Code 1940, which ordered the defendant to fence the right-of-way with four strand barbed wire fences mounted on creosote posts four inches in diameter and spaced twelve feet apart.

Plaintiff stated the fences were constructed in accordance with this order.

On December 14 or 15, 1965, Mr. Sadler found an injured cow on the railroad right-of-way near a private crossing which crosses defendant's right-of-way. At this point the right-of-way was fenced on both sides up to the crossing. The cow died as a result of her injuries.

The ·fences and private crossing, with cattle guards and cross fences, were constructed in such manner that cattle could be driven across the railroad track from one pasture to another. There was a gate on either side of the private crossing. The fence proceeded along the side of the track until it reached the crossing and then turned in toward the rails. There was a cattle guard in the track. The railroad track runs East and West through the pasture. The cross fences run North and South. The cattle guards were built by the railroad company before the order of the Public Service Commission went into effect.

The fence was down where the cow was knocked on to it and was down on the opposite side of the crossing, and on the other side of the track. Mr. Sadler testified, "Practically all of those cattle gaps that go out to the main line fence are torn down. * * * The railroad company shipped eight cattle guards to put up out there last spring, but they haven't put them up yet." In addition to the broken guards, some of the strands of wire were loose, down, or broken at places other than the crossing. Plaintiff stated he had never known of the defendant's having made repairs to the fence since its erection in 1955. The gates are left open during the feeding period and were open the day the cow was killed.

For the defendant, Mr. George L. Carruth, testified he was the engineer in charge of the train that collided with a cow near a private dirt crossing in Wilcox County. When he first observed her the cow was standing inside the fence, on the defendant's right-of-way. She was standing still when the train got within 75 or 100 feet of her she started running to the crossing and came onto the track. She was hit just before she reached the crossing and was knocked across the little dirt road onto the fence. The cow did not come off the crossing. She came off the right-of-way. He observed the right-of-way fence as the train was moving along and did not see any broken down places.

On cross examination the witness testified the cow was inside the part of the fence that runs parallel to the railroad. There was a fence between the cow and the dirt crossing and there was a fence between her and the open pasture. There was a fence between the railroad and the pasture, on both sides.

Grady Gillis, defendant's brakeman, testified when he first saw the cow she was on the right-of-way about ten or twelve feet inside the fence, on the train side. She came up on the track and was running away from the train. When the train struck her she was thrown onto the fence across the crossing. The witness stated he had occasion to observe the fences in that area during the ten months he had been on that run, and they looked like they were in pretty good shape. He did not see any broken wires. The cross fence looked like it was in good condition. He did not pay any attention to the cattle guards; that he had never been out of the train to inspect the fences. It is about 50 feet from the engine down to the fence on either side. The cow was running toward a cattle gap or guard, which is something that went across the track with a wooden rail on each side of it. She was not in the cattle crossing but in the fenced part of the right of way before the train got to the crossing.

In reply to questions asked by the court the witness said the gates were across the road that led across the railroad track. If one or both of the gates were open the cow would have to cross the cattle guards or another fence to get to the place where he first saw her.

**56**

■ Sections 183 and 184, Title 48, Code, supra, impose the duty upon railroads to construct and maintain fences, including cattle guards, in conformity to an order of the Public Service Commission. A railroad company is liable for injuries to animals due to failure to construct and maintain fences and cattle guards reasonably sufficient to exclude ordinary cattle.

■ Whether the fences were properly erected and maintained was a question for the jury under the evidence. The general affirmative charge was properly refused to the defendant. We are not convinced that the verdict was so contrary to the great weight of the evidence as to put the trial court in error for overruling the motion for a new trial. Southern Ry. Co. v. Popejoy, 214 Ala. 272, 107 So. 809; Ex parte Hines, 205 Ala. 17, 87 So. 691; Hines v. McMillan, 17 Ala.App. 509, 87 So. 696.

We find no error in the record. The judgment is affirmed.

Affirmed.