270 So.2d 789

**Gloria HAND**

v.

**W. L. BUTTS, Jr.**

**SC 36.**

Supreme Court of Alabama.

Dec. 21, 1972.

Edgar M. Elliott III, and Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellee.

William W. Smith, Birmingham, for appellant.

HARWOOD, Justice.

The defendant's demurrer to plaintiff's complaint being sustained, plaintiff took a non suit with leave to appeal, which she timely perfected.

The complaint was in four counts, which are identical except for the dependent allegation of negligence and proximate cause:

with which each count concludes. We will therefore set out in full only Count I, and will state only the differing quo modos of the alleged negligence with which each count concludes.

## "COUNT ONE

"Plaintiff claims of the Defendant Fifty Thousand and No/100 ($50,000.00) Dollars damages for this: Prior to March 1, 1968, the sister of Plaintiff, Norma Dunn, entered into a contract with Defendant to collect and dispose of Defendant's garbage on a regular basis, for a consideration; that Plaintiff's said sister had prior to said date and in accordance with her agreement with Defendant, collected and disposed of Defendant's garbage on a regular basis; that Defendant had requested that the amount due from Defendant to said sister of the Plaintiff for collecting and disposing of Defendant's garbage be collected at Defendant's residence at 329 23rd Ave., N. W., Center Point, Birmingham, Jefferson County, Alabama; that on, to-wit, March 1, 1968, Plaintiff accompanied her said sister at said sister's request to Defendant's residence, as well as the residences of other person, for the purpose of collecting the amount due from Defendant to Plaintiff under said contract and agreement as Defendant had requested; that Plaintiff was employed by her said sister to assist her said sister in collecting the amount due; that while Plaintiff and her said sister were at the residence of Defendant at said time and for said purpose, at Defendant's request, Plaintiff fell on the driveway on Defendant's property and was injured as follows: (We omit the catalog of injuries) Plaintiff alleged that her injuries were the proximate result of the negligence of Defendant in this: Defendant negligently maintained said driveway on his property in an unsafe condition for persons using the same.

## "COUNT TWO

" * * * The Defendant failed to use reasonable care in maintaining said driveway in a reasonably safe condition for persons invited by him to use said driveway.

## "COUNT THREE

" * * * The Defendant negligently failed to provide a safe place for Plaintiff to go up on [sic] the premises of the Defendant at the request of the Defendant and of her said sister for the purpose of collecting the amount due from the Defendant for the services specified above.

## "COUNT FOUR

" * * * The Defendant negligently allowed loose gravel to accumulate on said driveway and as a proximate result and consequence thereof, Plaintiff slipped and fell and suffered the injuries above described."

A reading of the counts readily shows that the forepart of each count does not attempt to set out wrongful or negligent acts on the part of the defendant, but only allege facts showing that the plaintiff was a business invitee on the premises of the defendant at the time of her injury. Hence the counts aver a relationship out of which a duty arose on defendant's part of exercising reasonable and ordinary care not to injure the plaintiff; or otherwise expressed, the count avers a relationship that would render the defendant liable for simple negligence. Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177.

Every action in tort consists of three elements, (1) the existence of a legal duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) damage as a proximate result of that duty. Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594.

The complaint here considered sufficiently avers a relationship between the plaintiff and defendant out of which a

duty arose, a breach of that duty, and injury to the plaintiff resulting proximately from such breach of duty. Under such averments negligence may be alleged in general terms. See Ramsey v. Sentell Oil Co., 280 Ala. 475, 195 So.2d 527; Alabama Power Co. v. Owens, 236 Ala. 96, 181 So. 283; Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231; Weston v. National Mfrs. & Stores Corp., 253 Ala. 503, 45 So.2d 459; Prudential Ins. Co. of America v. Zeidler, 233 Ala. 328, 171 So. 634; City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818; Alabama Great Southern R. Co. v. Clark, 221 Ala. 616, 130 So. 318; Johnson v. Birmingham Ry., Light & Power Co., 149 Ala. 529, 43 So. 33.

It is true that the alleged breach of duty is averred in rather general language, and is but little short of a legal conclusion, yet in Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388, a complaint in all regards of similar import as the present complaint, was held sufficient.

█ Of course if particular acts are set out as constituting defendant's wrongful conduct without characterizing such acts as being negligently done, then a general concluding averment that the plaintiff's injuries were the proximate result of defendant's negligence is insufficient unless the acts charged to the defendant in themselves show or suggest negligence. Alabama Power Co. v. King, 280 Ala. 119, 190 So.2d 674; Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469, and authorities cited in each case.

While it was held in *Lamson & Sessions Bolt Co.*, supra, that the court properly overruled the demurrer to the complaint, the judgment was reversed on the basis that the defendant was entitled to its requested general affirmative charge since the evidence showed that a cable over which the plaintiff, a business invitee, tripped was lying on the floor, obvious to everyone.

█ It is the rule of our cases that there is no duty on an owner of premises to warn an invitee of open and obvious defects in the premises of which the invitee is aware, or of which he should be aware in the exercise of reasonable care. *Lamson & Sessions Bolt Co.*, supra; Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412; McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209; Crawford Johnson & Co. v. Duffner, 279 Ala. 678, 189 So.2d 474; United States Cast Iron & Foundry Co. v. Fuller, 212 Ala. 177, 102 So. 25; King v. Winslett, 287 Ala. 98, 248 So.2d 566.

We wish to note again that the substantive rule relative to the duty owed an invitee as set out in the above cases was in reference to jury instructions after a submission of evidence, and not in reference to the sufficiency of the complaints involved in the respective cases.

In brief counsel for appellant states that the effect of our decision in Kingsberry Homes v. Ralston, 285 Ala. 600, 235 So.2d 371, was to overrule *Lamson & Sessions Bolt Co.*, supra, "and a long line of cases following Lamson." Counsel has reference to the substantive law announced in *Lamson & Sessions Bolt Company* that there is no duty on the owner of premises to warn an invitee of open and obvious defects on the premises.

█ In the first place, there was no question of the sufficiency of the complaint raised in *Kingsberry Homes,* supra. As to the substantive law relating to the duty owed by an owner of premises to an invitee, this court held that under the evidence the lower court properly refused appellant's request for the affirmative charge with hypothesis in that the jury could consider that at the time of the accident, a loading platform obvious to all, became an open and obvious danger *only* when there appeared a likelihood that freight cars would move, and since the cars were supposed to be moved only on orders of the plaintiff, there was no open and obvious danger of which the plaintiff should be deemed to have knowledge. Such conclusion in no wise abrogates the doctrine of our cases that no duty is placed on the

…

…

…

…

…

owner of premises to warn an invitee of open and obvious dangers, though of course if there are hidden dangers on the premises known to the owner, but unknown to the invitee, it is the duty of the owner to warn the invitee of such hidden dangers. Crawford Johnson & Co. v. Duffner, supra.

On the other hand, counsel for appellee relies somewhat heavily upon Veal v. Phillips, 285 Ala. 655, 235 So.2d 799, in support of his argument that the complaint in the present case is defective in failing to allege any breach of duty on the part of the appellee in that the complaint, after showing that the plaintiff was an invitee, does not aver that the plaintiff was unaware of any defect on the premises, or that such defect was a hidden one of which the defendant was aware, and the plaintiff unaware.

Admittedly, there is dictum in Veal v. Phillips, supra, from which inferences can be drawn tending to support appellee's argument in this respect.

The ratio decidendi of Veal v. Phillips, however, is set forth in paragraph numbered "2" in the report of the case in the following language:

"2. Plaintiff, in Count 3, elected to aver negligence in general terms, followed by averments of particular acts constituting the alleged negligence, and the particular acts alleged fail to constitute negligence. Under such circumstances, the complaint was demurrable."

Thus, the question of the sufficiency of the complaint was placed squarely within the influence of Alabama Power Co. v. King, supra, and Autry v. Roebuck Park Baptist Church, supra.

It is our conclusion that the complaint here considered was sufficient, and that error resulted from sustention of the demurrer to it.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.