It is clear that the majority opinion holds that the existence or not of a duty to disclose is a question of law. The Court of Civil Appeals held, incorrectly, that the existence of a duty to disclose was a question of fact. The Court of Civil Appeals' opinion is quoted in the majority opinion as stating:
 "Under the facts of the present case, we do not address whether Adamson had a duty to disclose the commission in the absence of any inquiry. We hold that Bramlett's [testimony that he asked] why the finance charge was so high is substantial evidence from which the trier of fact could infer that Adamson had a duty to disclose the full nature of Adamson's commission agreement with FMCC. A duty to disclose can arise from a request for information. One who responds to an inquiry has the duty to speak the entire truth."
717 So.2d at 776 (citations omitted; emphasis original).
Today's majority opinion states that a duty on the part of one to disclose a material fact to another may be based on either a statute or the common law. While that is a correct statement, the existence or not of the duty to disclose is still a question of law. See Berkel Co. Contractors v.Providence Hosp., 454 So.2d 496, 506 (Ala. 1984), citing Handv. Butts, 289 Ala. 653, 270 So.2d 789 (1972), for the proposition that the question whether a duty exists is a question of law.
The majority disagrees with the Court of Civil Appeals' conclusion that Bramlett's inquiry of the Adamson salesperson was sufficient to impose a duty to disclose the existence of the commission agreement between *Page 790 
Adamson and FMCC. This Court, therefore, declines to recognize a common law duty that would require the seller of a good or service, absent special circumstances, to provide a purchaser a detailed breakdown of how the seller derived the sales price of the good or service, including the amount of profit to be earned on the sale, or else be liable for fraud.
I agree with the majority that in this case the trial court made the correct legal decision in holding that there was no duty. The failure to disclose one's superior knowledge, when one is bargaining at arm's length, does not violate a duty of disclosure or constitute fraud. Berkel Co. Contractors v.Providence Hosp., supra.